Stephen R. Moore

*v.*

The Illinois Central Railroad Company.

Railroad—*liability for overcharge in passenger fare.* This was a suit to recover of a railroad company for charging a passenger on its road fare exceeding three cents a mile, under the act of April 13, 1871, and compelling the payment of the rates established by the company. At the time, the railroad commissioners had not assigned the defendant's road to any class, as required by the act, and there was no proof that the charge made was unreasonable, or to what class the road did belong: *Held*, that the plaintiff could not recover.

Appeal from the Circuit Court of Kankakee county; the Hon. Charles H. Wood, Judge, presiding.

Mr. Stephen R. Moore, *pro se.*

Mr. O. H. Browning, Mr. John N. Jewett, and Mr. G. Trumbull, for the appellee.

Per Curiam: This action was commenced before a justice of the peace, to recover for an alleged overcharge in pas-

senger fare, contrary to the provisions of the act of April 15, 1871. From the judgment of the justice an appeal was taken to the circuit court, where a trial was had, which resulted in a judgment for the railroad company.

It appears, from the agreed statement of facts, the appellant, on the 2d day of July, 1871, entered a passenger car on appellee's road at Chicago, to be carried as passenger from thence to Kankakee, a distance of fifty-six miles, and tendered the conductor fare at the rate of three cents per mile, which the conductor declined to receive, but demanded of him the usual fare, two dollars and forty cents, for the entire trip, which amount the appellant did pay, under protest, to avoid being put off the cars.

It further appears, the commissioners appointed under the act of April 13, 1871, had not then assigned the appellee's road to any class under the provisions of that act. In the month of September following, it was, by the action of the commissioners, assigned to class "B."

It will be observed the appellant does not show from the evidence any violation of the provisions of the statute under which he seeks to recover. The company's road had not then been assigned to class "B," nor does it appear from any evidence that it, in fact, belonged to that class at the date he sought to obtain passage at the rate of fare fixed by the act of the General Assembly. It could not then be known what rate of fare it would be lawful to charge under the provisions of the statute. The company had previously fixed its rates, and there being no pretense such charges were unreasonable, the conductor could rightfully demand the usual fare, as a condition precedent to carrying the appellant as a passenger.

There being no case made by the evidence in the record, within the meaning of the statute, the constitutionality of the legislation under which it sought to establish a reasonable maximum rate of charges for the transportation of passengers on railroads in this State, is not involved in the

decision of this case, and we decline to enter upon a discussion of that question.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*