# Eugene Holt Eastman v. People, etc., for Use of the State Board of Health.

1. MEDICINE AND SURGERY — *Recovery Against Osteopathist for Practicing Medicine Without a License Sustained.*—The appellant was engaged in the practice of "the profession of osteopathy," and the State Board of Health brought suit against him for practicing medicine without a license, and obtained a judgment for the statutory penalty. *Held,* that the proofs brought him within the provisions of the law, and that he is liable to the penalty imposed thereby for practicing medicine without a license.

2. PRACTICE—*As to Motions to Dismiss for Want of Authority of Plaintiff's Attorney.*—A motion to dismiss a suit for want of authority of plaintiff's attorney to institute it, should be supported by affidavit or some matter of which the court should take notice, and must be preserved in a bill of exceptions if insisted on, on appeal.

Debt, for a penalty. Appeal from the County Court of Jersey County; the Hon. ALLEN M. SLATEN, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

HAMILTON & HAMILTON and THOS. F. FERNS, attorneys for appellant.

A statute should be so construed as not to lead to absurd consequences, but its spirit and intent effectuated. Perry County v. Jefferson County, 94 Ill. 220; People v. Hoffman, 97 Ill. 236; Hogg v. People, 15 Ill. App. 289.

A statute in regard to medicine and surgery does not apply to one who undertakes to cure diseases by manipulating the patient's body by rubbing, kneading and pressing it. Am. and Eng. Encyclopedia of Law, Vol. 18, 429 (note); Anderson's Law Dictionary, 668; Smith v. Lane, 24 Hun (N. Y.) 632.

The title of the act under which this action is brought, is: "An act to regulate the practice of medicine in the State of Illinois." Under our construction this title can not be so construed as to include those practicing osteopathy.

If so, then we contend that any provision in this act which has not a tendency to promote the object and purpose of the said act, is clearly obnoxious to the constitutional provision that, "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." Sec. 13, Const. Ill. 1870; People v. Institution of P. D., 71 Ill. 229; Dolese v. Pierce, 124 Ill. 140; Donnersberger v. Prendergast, 128 Ill. 229.

The trial court erred in denying the motion of appellant, to compel attorneys for appellee to produce their authority for representing the beneficial plaintiff below, when their authority was challenged by motion. Town of Kankakee v. Kankakee & I. R. R. Co., 115 Ill. 88.

E. J. VAUGHN and H. W. POGUE, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for one hundred dollars as a penalty for practicing medicine without license, under Par. 10, Ch. 91, R. S. It appears that the appellant was engaged in the practice of "the profession of osteopathy," as it is termed in the briefs; that he had an office where he

received patients, and that he visited patients at their homes; that he advertised his system and his skill therein by publications in the newspapers, and that he professed ability to understand and treat human ailments intelligently and successfully.

So far as shown his treatment consisted wholly of rubbing and manipulating the affected parts with his hands and fingers, and by flexing and moving the limbs of the patient in various ways.

It is insisted on his behalf that because he used no medicines or instruments he is not amenable to the statute.

Par. 14, of Ch. 91, declares that "Any person shall be regarded as practicing medicine within the meaning of this act who shall treat, operate on, or prescribe for any physical ailment of another."

It is argued on behalf of appellant that this provision must receive reasonable interpretation, and that to "treat" implies the use of medicines or drugs of some sort, and to "operate on" implies the use of instruments of some sort. This is not so necessarily. Many of the minor operations are effected without the use of instruments by mere pressure, extension, and flexion.

This of course implies some knowledge of anatomy and some skill. So, many forms of disease are treated by attention to the diet, habits and mode of life without resorting to medical remedies.

It is said by counsel that if the statute reaches this case it must include treatment by Turkish baths, massage and the like. We think not. The evidence shows that appellant held himself out as competent to treat and cure numerous diseases, such as all forms of fevers, cerebro-spinal meningitis, catarrh; diphtheria, croup, pneumonia, asthma, indigestion, dysentery, kidney diseases, measles, paralysis, and many others, including in fact a large proportion of the ailments common to mankind. He represented himself as a graduate of the new school of "Osteopathy," and held himself out as qualified to examine and treat all who might seek his aid.

. Herein, he differs from those who give Turkish baths, massage and the like.

He professes to be able to diagnose and advise in respect to a long list of diseases, and to furnish discriminating and efficient treatment to those who may come to him, and while he may rely wholly upon manipulation, flexing, rubbing, extension, etc., yet he professes to have skill and judgment in these methods, so as properly to adapt the treatment to each case, giving it what is appropriate, in amount, and with repetition at such times and to such extent as may be dictated by his knowledge and experience. By his skill in the use of his peculiar remedies or methods he claims to be competent to relieve and cure various ailments, and therefore he invites patronage. We are referred to the case, Smith v. Lane, 24 Hun, 632. The statute of New York is unlike ours, and the facts of that case are unlike those in the case at bar. We think the ruling there should not control here.

It is suggested rather than argued that as the title of the act in question is " An act to regulate the practice of medicine in the State of Illinois," and as the constitution provides that no act shall embrace more than one subject which must be expressed in the title, any construction which would include a matter not within the practice of medicine must be avoided, or the act is unconstitutional.

" Medicine is the art of understanding diseases and curing or relieving them when possible."—Bigelow. It is that branch of physic which relates to the healing of diseases.— Dunglison.

This act is not restricted to any particular methods or remedies. Indeed these are almost innumerable, considering what are used and what have been discarded.

We are of opinion the proofs bring appellant within the act, and that he is liable to the penalty imposed thereby for practicing medicine without license.

It is urged the court erred in refusing to dismiss the suit for want of authority of plaintiff's attorney to institute the action.

It is shown by a recital of the clerk in the order of record

that such a motion was made and overruled and that the defendant excepted.

This entry by the clerk in the orders of the court for the day is not sufficient to save the exception, and if it were, there is nothing to show that the motion was supported by anything requiring the action of the court. Such a motion should be supported by affidavit or some matter of which the court should take notice and must be preserved by a bill of exceptions.

The judgment will be affirmed.