| 84 | 453 |
| f92 | ¹446 |
| f92 | ¹448 |

## W. D. Jones v. The People, for Use of the State Board of Health.

1. PRACTICE OF MEDICINE—*What is Within the Meaning of the Act.*—To treat or operate upon a person for a physical ailment by rubbing the affected part is a treatment or operation for a physical ailment, and is practicing medicine within the meaning of the act to regulate the practice of medicine.

**Debt**, for a statutory penalty. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

" The practice of medicine includes the application of the knowledge of medicine, of diseases, and the laws of health." People v. Blue Mountain Joe, 129 Ill. 377.

Treatment by massage, by mere rubbing affected parts, when there is no attempt to diagnose disease, is not practicing medicine. Eastman v. The People, 71 Ill. App. 236; Smith v. Lane, 24 Hun (N. Y.), 632.

R. L. FLEMING, attorney for appellees; O. R. TROWBRIDGE and J. A. BOHRER, of counsel.

Appellant practiced medicine within the meaning of the

statute. He claims to use a system of treatment peculiar to himself, which cures disease by removing the cause. This implies a knowledge upon his part of the causes of disease and the means of removing them. This identifies him with the ordinary practice of medicine, and distinguishes him from those persons who give treatments by means of Turkish baths, massage, etc., alike to the sick and the well. Eastman v. People, 71 Ill. App. 236.

The evidence fails to show that appellant acted as the assistant or under the advice of a practicing physician. And, in any event, the statute can not be evaded in that manner by one who charges for his services. State v. Paul, 76 N. W. Rep. (Neb.) 861.

Mr. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action of debt in the name of the people for the use of the State Board of Health, against appellant, to recover a penalty for practicing medicine without having a certificate from the State Board of Health, in compliance with the act to regulate the practice of medicine. The trial was by jury and resulted in a verdict and judgment against appellant for $100, from which he appeals, and for reversal insists the trial court erred in the admission of improper and the rejection of proper evidence; the verdict is against the law and the evidence of the case; the court gave improper instructions to the jury, and refused proper instructions requested by appellant.

It appears from the evidence that appellant kept and maintained an office in the city of Bloomington, where he received, examined and treated persons for diseases. He advertised that he had effected marvelous cures of various kinds of diseases without the aid of medicine or surgery, by magnetic treatment, and that patients reap rich rewards of his large experience and new methods, and that his charges were $1 for each treatment, or $5 per week of seven treatments. It was proved on the trial that appellant had treated one man for disease of the stomach, another for

asthma, and a third for sunstroke and consequent ailments, having a contract with the latter for $15 to be paid in hack hire, and $15 in money, all of which had been paid but $2. The method of treatment was by rubbing the parts of the body supposed to be affected.

It is first insisted that these facts do not prove that appellant practiced medicine within the meaning of the statute. Section 10 of the act in question declares that any person shall be regarded as practicing medicine, within the meaning of the act, who shall treat, operate on, or prescribe for any physical ailment of another. If to advertise that he had effected marvelous cures, and that patients reap rich rewards of his large experience and new methods, and by means of such advertisement secure the attendance of persons whom he actually treated and operated on does not fall literally within the definition of the statute of what shall be regarded as practicing medicine, then it would be difficult to imagine the legislative intent by such enactment. If to treat or operate upon a person for physical ailment, by rubbing the affected part, is not a treatment or operation for a physical ailment, what is it? It seems to us the mere statement of the question demonstrates the absurdity of every opposite position. In Eastman v. People, 71 Ill. App. 236, a case similar to the one we are considering, it was held that where the treatment consisted wholly of rubbing and manipulating the affected parts with hands and fingers, and by flexing and moving the limbs of the patient in various ways, the statute was violated, although no medicines or instruments were used; that to treat or operate on does not necessarily imply the use of medicines or instruments, many of the minor operations being effected without the use of instruments, by mere pressure, extension or flexion, and that medicine is the art of understanding diseases and curing and relieving them when possible, it being that branch of physic which relates to the healing of diseases, and the act in question is not restricted to any particular methods or remedies, which are almost innumerable, considering what are used and what have been discarded.

It is next insisted that appellant was acting under the direction of Dr. Ross, a licensed physician, and that the court erred in its rejection of evidence tending to prove such fact. The evidence upon this point that was offered, and to which objection was sustained by the court, consisted of the general statement of Dr. Ross that appellant was acting under his direction, and that certain symptom blanks were used by appellant in his communication with Dr. Ross. There was no specific evidence offered that such blanks were used, or that Dr. Ross ever gave any directions in the cases of Wineberg, Reeve or Augustus, the only persons shown by the evidence to have been treated or operated on by appellant, and inasmuch as the rejected evidence was not responsive to the case made by the plaintiff, the objection was properly sustained. It is true that upon the trial the counsel for appellant stated to the court that he expected to show that appellant made use of these blanks and acted as the assistant of Dr. Ross in each of the cases in evidence, but when the blanks themselves are produced, as shown in the abstract of the record, it is apparent they have no reference to any of the cases in evidence. Dr. Ross also testified that the symptom blanks of the three persons were furnished by him, but the absence of the blanks, if they were used and sent to Dr. Ross, is wholly unaccounted for.

Much complaint is made of the instructions of the court to the jury, both of those given by the court and such as were refused. In its instructions the court told the jury, in substance, that although the treatment may have been requested and directed by a regular attending physician of the person being treated, yet the person in fact administering the treatment would be guilty of practicing medicine. As an abstract principle, such instruction is wrong and vicious, should not be given in any case, but in the case presented there was no evidence admitted to the jury, and no competent evidence offered that in any of the three instances wherein it was proved appellant had practiced medicine, he was acting under directions of a regular attending physician of the persons who were, in fact, treated or operated on by appel-

lant, and hence the instruction, although wrong in principle, could not and did not harm appellant. The instructions requested by appellant upon this point were properly refused. Some of the instructions are not otherwise free from criticism, still we think appellant not harmed by them, and the instructions given at his request as fairly stated the law as the evidence justified and his rights demanded, and in view of the whole evidence, no other verdict than the one returned, that of guilty, would have been proper or responsive to the evidence, and in such cases errors of instructions will seldom reverse. Finding no reversible error the judgment of the Circuit Court will be affirmed.