## People, etc., for the use of the State Board of Health, v. W. D. Jones.

1. PRACTICE OF MEDICINE—*What is a Violation of the Act*.—The treatment of persons afflicted with diseases by rubbing and manipulating the parts affected with the hands, is practicing medicine, within the meaning of the medical practice act of 1887.

2. SAME—*Recovery of Penalties After the Repeal of the Law*.—The right to recover the penalties prescribed by the medical practice act of 1887, after its repeal, is preserved by section four of chapter 131, R. S., entitled, Construction of Statutes.

Debt, to recover a statutory penalty. Appeal from the County Court of McLean County; the Hon. R. A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed December 7, 1900.

YOUNG & POTTER, attorneys for appellant.

WELTY & STERLING, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This suit was begun by the State Board of Health against appellee to recover the penalty prescribed by the medical practice act of 1887, for practicing medicine or treating human ailments without a license. Appellee was found not guilty by a jury in the County Court.

The evidence shows that appellee kept an office in the city of Bloomington, Illinois, for some time prior to July 1, 1899, where he treated persons afflicted with diseases. His treatment consisted of rubbing and manipulating with his hands the parts supposed to be affected, and constituted a violation of the medical practice act of 1887, as held by this court in Eastman v. The People, etc., 71 Ill. App. 236, and in Jones v. The People, etc., 84 Ill. App. 453.

The act of 1887 was expressly repealed by the medical practice act of 1899, with no "saving clause," saving penalties incurred under the repealed act. For that reason, appellee contends that he is not liable for the statutory penalty sued for and calls to his aid the old rule that where a statute imposing a penalty is repealed, and the repealing statute contains no saving clause, the penalty provided by the repealed statute can not be recovered in an action brought after the repeal. Section 4 of chapter 131, Revised Statutes, entitled construction of statutes, provides that no new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed, or any penalty, forfeiture or punishment so incurred, save only that the proceedings thereafter shall conform to the laws in force at the time of such proceedings. The rule cited by appellant can not prevail over this plain

statutory provision.   The obvious intention of the enact-
ment was to prevent the operation of the rule    Farmer v.
The People, etc., 77 Ill. 322; Roth v. Eppy, 80 Ill. 283.

Numerous Illinois cases are cited in support of the con-
tention that the rule is still in force, but those decided since
the date of the enactment all relate to matters of procedure,
or steps taken for the enforcement of a remedy.   In none
of the late cases is it held that the repeal of a law under
which a penalty has been incurred, unless there be a saving
clause, defeats the right, unless it has been pursued to a
judgment.

Because the evidence shows the appellee incurred the lia-
bility sued for and the verdict of the jury is against the
evidence, the judgment is reversed and the cause remanded.