### People, etc., for the use of the State Board of Health, v. B. E. Jones.

1. PRACTICE OF MEDICINE—*Massage Treatment.*—The treatment of a
patient by rubbing and manipulating the affected parts by flexing and
moving the limbs, commonly known as "massage" treatment, is prac-
ticing medicine within the meaning of the act regulating the practice of
medicine. Such treatment is the employment of a material remedy
and does not come within the exception contained in the amendatory
act of 1899 applying to persons treating the sick by mental or spiritual
means.

Debt, to recover a statutory penalty. Appeal from the County Court
of McLean County; the Hon. R. A. RUSSELL, Judge, presiding. Heard
in this court at the May term, 1900. Reversed and remanded. Opinion
filed December 7, 1900.

YOUNG & POTTER, attorneys for appellant.

WELTY & STERLING, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of
the court.

This is an action of debt to recover the penalty for prac-
ticing medicine without license, provided by section 9 of an

act approved April 24, 1899, to regulate the practice of medicine. Trial was had in the County Court with a jury, resulting in a verdict and judgment for appellee.

The evidence shows that appellee, in connection with his father, maintained an office in the city of Bloomington, where he treated persons for physical ailments and received fees for the same. The treatment consisted of rubbing and manipulating the parts affected, and by flexing and moving the limbs, commonly known as " massage " treatment.

There is no controversy upon the facts, and the decision of the case hinges upon the construction of the last clause of section 7 of the act in question. Section 7 reads as follows :

" Any person shall be regarded as practicing medicine, within the meaning of this act, who shall treat or profess to treat, operate on or prescribe for any physical ailment or any physical injury to or deformity of another; provided, that nothing in this section shall be construed to apply to the administration of domestic or family remedies in cases of emergency, or to the laws regulating the practice of dentistry or of pharmacy. And this act shall not apply to surgeons of the United States army, navy or marine hospital service in the discharge of their official duty, *or to any person who ministers to or treats the sick or suffering by mental or spiritual means, without the use of any drug or material remedy.*"

This court has twice held that the treatment of a patient by rubbing and manipulating the affected parts is practicing medicine within the meaning of section 10 of the act of 1887 to regulate the practice of medicine. Eastman v. The People, etc., 71 Ill. App. 236; Jones v. The People, etc., 84 Ill. App. 453.

Section 7 of the act of 1899, a substitute for the act of 1887, is like section 10 of the act of 1887, except that there is added to the clause exempting from the operation of the act surgeons of the United States, army, navy or marine hospital service the words " any person who ministers to or treats the sick or suffering by mental or spiritual means, without the use of any drug or material remedy."

It is contended that " massage treatment " is a treatment of the sick by " mental or spiritual means," and does not

involve the use of "material remedy." It is clear to our minds that rubbing or manipulating the affected parts is the employment of a physical agency as distinguished from a mental or spiritual one. There may be a combination of the two, as was testified to by appellee, but to bring the person applying the treatment within the exemption, the treatment must be exclusively mental or spiritual. The term "material" remedy means a physical remedy. Webster thus defines material: "Relating to, or consisting of matter; corporeal; not spiritual; physical."

As the court took a contrary view and instructed the jury that a person giving massage treatment was not liable under the act, the judgment must be reversed and the cause remanded.