THE PEOPLE *ex rel.* D. C. Gannaway, County Collector,

*v.*

WILLIAM O. GLASSCO.

*Opinion re-filed June 16, 1903.*

1. DRAINAGE—*section 76, as amended in 1901, authorizes an appeal to three supervisors.* Section 76 of the Farm Drainage act, as amended in 1901, (Laws of 1901, p. 157,) providing that if any land owner feels aggrieved at the assessment made by the commissioners he may take an appeal to three supervisors, "as provided in sections 24 and 25 of the act hereby amended," authorizes an appeal to three supervisors, notwithstanding the amendment of sections 24 and 25, on the day preceding the adoption of the amendment to said section 76, providing for an appeal to the county court.

2. SAME—*right of legislature to make other sections a part of an amendment by reference.* The legislature, in adopting the amendment of 1901 to section 76 of the Farm Drainage act of 1885, had the right to make sections 24 and 25, as they existed under the act of 1885, a part of the amended section by reference, without re-writing them into the amendatory act, and having done so, such sections as they existed under the act of 1885 are to be treated as part of the amendment of section 76, notwithstanding they had been changed before its adoption.

3. SAME—*amendment of sections 24 and 25 of Farm Drainage act explained.* The amendment of sections 24 and 25 of the Farm Drainage act, (Laws of 1901, p. 148,) simply authorizes an appeal from the decision of the commissioners in classifying lands in the district to the county court instead of to three supervisors, and does not change the right of appeal given by section 76 as amended. (*Frahm* v. *Craig Drainage District,* 200 Ill. 233, explained.)

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

203—23

JOHN F. VOIGT, Jr., State's Attorney, and JAMES W. & EDWARD C. CRAIG, for appellant:

When a case is not within the jurisdiction given to an appellate court by the statute, no authority to hear and determine the cause can be given by the parties. 17 Am. & Eng. Ency. of Law, (2d ed.) 1061; *Richards* v. *Railroad Co.* 124 Ill. 576; *Fleischman* v. *Walter*, 91 id. 318; *Sternberg* v. *Strauss*, 41 Ill. App. 147; *Moore* v. *Bolin*, 5 id. 556; *Ginn* v. *Rogers*, 4 Gilm. 131; *Peak* v. *People*, 71 Ill. 228.

Jurisdiction of the subject matter is given only by the law, and cannot be conferred by consent. 17 Am. & Eng. Ency. of Law, (2d ed.) 1060, 1061; *Hoagland* v. *Creed*, 81 Ill. 506; *Bishop* v. *Nelson*, 83 id. 601; *Cobb* v. *People*, 84 id. 511; *Leigh* v. *Mason*, 1 Scam. 249.

Section 76 of the Farm Drainage law, relating to districts by user, was intended to bring this particular class of drainage within the operation and effect of the several preceding provisions of the act so far as the same are practicable. Hence the right to appeal, given in preceding sections, from the assessments of benefits, extends to and embraces cases arising under section 76. *Howard* v. *Drainage Comrs.* 126 Ill. 53.

A survey of the entire statute is almost always indispensable, even when the words are the plainest, for the true meaning of any passage is that which best harmonizes with the subject and with every other passage. Endlich on Interp. of Statutes, 45; *Biggs* v. *Clapp*, 74 Ill. 338; *Hamilton* v. *State*, 102 id. 370; *Savings Inst.* v. *Givens*, 82 id. 160; *Loan Ass.* v. *People*, 72 Ill. App. 169; *Perteet* v. *People*, 65 Ill. 233; *United States* v. *Babbitt*, 66 U. S. 55.

A statute passed to become effective at a future date must be understood as speaking from the time it goes into operation, and not from the time of passage. *Price* v. *Hopkins*, 13 Mich. 318; 23 Am. & Eng. Ency. of Law, (1st ed.) 217, 218; *Rice* v. *Ruddiman*, 10 Mich. 125; *Davenport* v. *Railroad Co.* 37 Iowa, 624; *Bennett* v. *Bevard*, 6 id. 82; *Charless* v. *Lamerson*, 1 id. 435; *Gackman* v. *Gallard*, 64 Me.

133; *Railroad Co.* v. *Barbee,* 7 Ind. 169; *Harding* v. *People,* 10 Col. 387.

J. H. MARSHALL, and A. C. ANDERSON, for appellee:

An act which adopts, by reference, the whole or a portion of another statute, means the law as existing at the time of adoption, and does not include subsequent additions or modifications of the statute so adopted. *Culver* v. *People,* 161 Ill. 96; *Andrews* v. *People,* 173 id. 126; *Charleston* v. *Cadle,* 166 id. 487; *Charleston* v. *Johnston,* 170 id. 336.

The various provisions of a statute should be so construed, if possible, that effect may be given to every part, that no part may be inoperative or superfluous. *Farwell* v. *Cohen,* 138 Ill. 217; *Ambler* v. *Whipple,* 139 id. 311.

Where two statutes can be so construed that both may stand, that construction will be adopted which will give effect to both. *Trausch* v. *Cook County,* 147 Ill. 534; *Harmon* v. *Chicago,* 140 id. 374.

The courts cannot, in general, disregard the plain language of a statute. *People* v. *Rose,* 174 Ill. 310.

Where the language is clear and unambiguous there can be no construction,· and the words used are to be taken in their ordinary, natural and commonly received sense. *Railroad Co.* v. *Chicago,* 173 Ill. 471.

Courts cannot take notice of order in which acts are passed by legislature. *Cantrell* v. *Seaverns,* 168 Ill. 165.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee owned certain lands in Union Drainage District No. 3 of the towns of Seven Hickory and Humbolt, Coles county, this State. The district was organized under section 76 of the Drainage law, as amended May 11, 1901, in force July 1, 1901. (Laws of 1901, p. 157.) The lands of the district were classified by the commissioners, and appellee, with other owners, was notified of the same, and also of the time and place objections thereto would be heard. He appeared and filed objections to the

classification of his land, but the commissioners over-
ruled the same, and he thereupon appealed from their
order by filing bond in the office of the town clerk of the
town of Seven Hickory, that being the town in which his
lands were situated. The town clerk summoned three
supervisors, who heard the appeal and reduced the clas-
sification on certain of the tracts. Thereafter the com-
missioners, in making their levy upon the lands of the
district to raise funds to pay for work proposed to be
done, disregarded entirely the appeal and order of the
three supervisors and caused the levy to be spread on
appellee's lands in accordance with the classification
made by them. He did not pay the assessment, but al-
lowed the lands to be returned delinquent, and after-
wards paid the amount due according to the order of the
supervisors on his appeal, but refused to pay the remain-
der. That balance of the assessment was reported by
the county treasurer to the county clerk, accompanied
by his application for judgment of sale for the delin-
quency. Appellee there filed objections setting up the
foregoing facts, under which he insisted his lands were
not liable for the additional amount claimed. The con-
tention of the county collector was then, and is now, that
no appeal to three supervisors is authorized by the stat-
ute, and hence their order reducing the assessment on
appellee's lands was without jurisdiction, and void. The
single issue in the county court was whether, under said
amended section 76, an appeal would lie from the action of
the commissioners in classifying the lands of the district,
to three supervisors. That court decided the issue for
appellee and denied the application for judgment of sale,
and to reverse that judgment this appeal is prosecuted.

There is no dispute whatever as to the facts, and the
correctness of the judgment of the court below must be
determined upon a construction of the language of said
amended section. Appellee prosecuted his appeal under
that provision of the section which says: "If any land

owner of the district shall feel aggrieved at the assessment made by the commissioners, he may take an appeal to three supervisors, as provided in sections 24 and 25 of the act hereby amended." The amendatory act is entitled "An act to amend section 76 of an act entitled 'An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named,' approved June 27, 1885." Section 1 is as follows: "*Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That section 76 of an act entitled 'An act to provide for drainage of agricultural and sanitary purposes, and to repeal certain acts therein named,' approved June 27, 1885, in force July 1, 1885, be amended so as to read as follows:" Then follows the amendment to section 76, containing, among other provisions, the language above quoted, authorizing an appeal to three supervisors. (Laws of 1901, p. 157.)

Section 24 of the act amended,—*i. e.*, the act approved June 27, 1885,—provides: "At the time of meeting for review, the commissioners shall hear whatever objections may be urged by any person interested, and if satisfied that any injustice has been done in the classification of the several tracts of land, or any of them, they shall correct the same in accordance with what is right; but if not so satisfied, they shall leave the classification as first made, and enter an order to that effect. Any person appearing and urging objections, who is not satisfied with the decision of the commissioners, may appeal from their decision to three supervisors of the county, within ten days after the decision of the commissioners was rendered, by filing with the town clerk a bond with security conditioned to pay such tax as may finally be levied upon the land in question, and the costs occasioned by the appeal, in case the commissioners shall be sustained by the board of appeal." Section 25 of the same act provides the manner of summoning three supervisors; how the hearing shall be had, etc., and authorizes the filing

of their final determination, in writing, with the town clerk, to be recorded with other papers in the drainage record, which shall be conclusive.    (2 Starr & Cur. Stat. p. 1546.)

On May 10, 1901, the day previous to the one on which the amendment to section 76 was adopted, the legislature passed another act entitled "An act to amend sections twenty-four (24), twenty-five (25),  *  *  *  and to repeal section twenty-seven (27) of an act entitled 'An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named,' approved June 27, 1885, in force July 1, 1885," etc. Section 1 provides that the foregoing sections be amended to read as follows:  Sec. 24.  "At the time of meeting for review, the commissioners shall hear whatever objections may be urged," etc., setting forth the language of section 24 above quoted from the act of 1885, and then provides: "Any person appearing and urging objections who is not satisfied with the decision of the commissioners, may appeal from their decision to the county court of the county in which the lands affected are situated, within ten days after the decision of the commissioners was rendered, by filing with the county clerk a bond with security conditioned to pay such tax as may finally be levied upon the land in question, and the costs occasioned by the appeal in case the commissioners shall be sustained by the court of appeal."  Section 25, as amended, provides for the manner of taking an appeal to the county court, the summoning of twelve land owners having certain qualifications, as a special jury to try the case on the appeal, and also, under certain conditions, for a further appeal to the circuit court.  (Laws of 1891, p. 148.)

Upon the foregoing statement of facts counsel for appellant insist that an appeal by a land owner from the classification made by the commissioners in a district organized under said amended section 76 can only be taken to the county court of the proper county.  It is

undoubtedly true, as we held in *Howard* v. *Drainage Comrs.*
126 Ill. 53, that section 76 was intended to bring that
particular class of drainage districts within the opera-
tion of the several preceding provisions of the act so
far as they are applicable, and we there held that, in the
absence of a provision in said section 76 (as it then ex-
isted) authorizing an appeal from the action of the com-
missioners in making a special assessment, the owner
could lawfully prosecute an appeal to the county court
under the preceding section 27. That case can, however,
have no controlling influence upon this, because section
76, as amended, does expressly authorize an appeal to
three supervisors.

It is earnestly insisted that inasmuch as the legisla-
ture had, prior to the adoption of the amendment to sec-
tion 76, (May 11, 1901,) so changed sections 24 and 25 of
the act of 1885 as to allow appeals only to county courts,
the language in said amended section 76 authorizing ap-
peals "to three supervisors" should be held to have been
used inadvertently or by mistake. That the legislature
had the power to authorize an appeal from the action of
commissioners, under section 23 of the act, (2 Starr & Cur.
Stat. p. 1546,) to the county court, and to three supervi-
sors from the assessment made by commissioners under
the provisions of section 76, cannot be doubted. Just why
it was thought advisable to do so may not be altogether
clear; but that is a question with which we have nothing
to do, if such an intention satisfactorily appears. The
canons of construction applicable to the interpretation
of statutes cited and relied upon by counsel for appellant
in their able argument are undoubtedly sound, but as we
read this act they can have no proper application. In-
deed, the statute, as we understand it, admits of no con-
struction. Recurring to the language, "if any land owner
of the district shall feel aggrieved," etc., we find the ap-
peal may be taken "to three supervisors, as provided in
sections 24 and 25 of the act hereby amended." What act

was "hereby amended?" The title and first section of the act answer the question,—*i. e.*, the act "approved June 27, 1885, in force July 1, 1885." The act of May 10, 1901, amending sections 24 and 25, was in no way affected by that of May 11, 1901. The argument of counsel seems to ignore this direct and explicit reference to the sections as they existed under the act of 1885. The legislature had the right to make those sections as they existed under the act approved June 27, 1885, a part of the amendment to section 76 by reference thereto, without re-writing them into the amendatory act, and having done so they are to be treated as parts of said amendment, even though those sections may have been since changed or even repealed. It is not correct, therefore, to say, as is insisted by counsel for appellant, that there is no authority in the town clerk to approve the appeal bond and summon three supervisors to hear the appeal. That power and authority existed as well after as before the first of July, 1901, when the amendment to sections 24 and 25 took effect, those sections having become parts of section 76 by the amendment of May 11, 1901.

We do not regard the rule laid down by Endlich on the Interpretation of Statutes, (sec. 85,) adopted by this court in *Culver* v. *People,* 161 Ill. 89, and other cases cited by counsel for appellee, as having any proper application to this case. Had the amendment to sections 24 and 25 been passed after the one to section 76, that rule would have aided appellee in the construction contended for by his counsel, but, as we have seen, it was not. Whether the legislature intended to adopt sections 24 and 25 as they existed at one time or another, we repeat, is not a matter of construction. It has by unmistakable language adopted those sections according to the provisions contained in them by the act adopted June 27, 1885, and that expressed intention must control.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: Since the foregoing opinion was adopted and filed appellant has presented his petition for a rehearing, which was considered and allowed at our last April term. The point most urged in that petition was, that the decision here announced is inconsistent with that of *Frahm* v. *Commissioners of Craig Drainage District,* 200 Ill. 233, and it is argued that under the doctrine of *stare decisis* the latter case should control this. It is true that the *Frahm case* came before us on writ of error to the county court of Douglas county, to which it had been appealed, whereas, under the doctrine of the present decision, the appeal should have been taken to three supervisors, but it is not true that the question here decided was either raised or passed upon in that case. Neither party denied the right of appeal to the county court, but the motion of the defendants in error to dismiss the appeal for want of jurisdiction in the county court was upon the ground that "the summons issued by the county clerk was returnable to the law term, beginning on January 13, instead of the probate term, beginning on January 6." The question, therefore, for decision was not whether the county court originally obtained jurisdiction, but whether by the irregular service of summons it had lost such jurisdiction, and the opinion decides that and no other question. In the present case, as stated in the foregoing opinion, the single issue in the county court from which the appeal is prosecuted was whether, under section 76, as amended, an appeal would lie from the action of the commissioners in classifying the lands, to three supervisors. That question was elaborately argued by counsel on either side upon the hearing. It was not denied on behalf of appellants that an appeal was so allowed by the express language of the section, but the insistence was, that by construing that section with the amendatory act of May 10, 1901, the language authoriz-

ing an appeal to three supervisors should be treated as unintentionally used by the legislature or inserted by mistake. The *Frahm case* was decided correctly on the issue there raised, but it is in no sense an authority upon the question here decided. It cannot be seriously contended that under the rule of *stare decisis* it has any controlling influence upon the present case.

It is again insisted in the petition for rehearing that by a proper construction of the several sections of the statute an appeal from the action of the commissioners in making an assessment under section 76 must be taken to the county court, and not to three supervisors. We have reconsidered that question and are still unable to agree with the position. Section 21 of the Farm Drainage act of June 27, 1885, provides for special assessments for benefits by the commissioners, who are required to make a classification of lands on a graduated scale, etc. Section 23 provides for giving notice to property holders, by the commissioners, of a time and place for hearing objections against such assessments. Section 24 requires a hearing by the commissioners of whatever objections may be urged by any person interested, and provides for an appeal from the decision of the commissioners to three supervisors, and section 25 prescribes the manner in which the appeal shall be taken. The amendment to sections 24 and 25 of May 10, 1901, simply authorizes an appeal from the decision of the commissioners in classifying the lands in the district, to the county court instead of to three supervisors, and does not in any way affect or purport to change the right of appeal given by amended section 76.

The judgment of the county court of Coles county will again be affirmed.                    *Judgment affirmed.*