ARTHUR E. BARNES

*v.*

DRAINAGE COMMISSIONERS OF DRAINAGE DIST. NO. 1, ETC.

*Opinion filed June 14, 1906.*

1. APPEALS AND ERRORS—*questions not cognizable by Appellate Court are waived by appeal to that court.* By appealing to the Appellate Court, questions not cognizable by that court, such as the validity of a statute, are waived.

2. CERTIORARI—*classification of lands by drainage commissioners cannot be questioned on certiorari.* On *certiorari* to review the record of the organization of a drainage district, the only questions which may be determined are whether the commissioners had jurisdiction or exceeded their jurisdiction or proceeded without authority of law, and their classification of the lands of the district cannot be questioned in such a proceeding.

3. DRAINAGE—*clerk need not personally mail the notices.* The statute requiring the mailing of notices to non-resident owners of land with reference to the organization of a drainage district is satisfied when the notices are given and signed by the town clerk, even though they are not deposited in the post-office by him personally, but by another person.

4. SAME—*commissioners not required to organize district exactly as prayed in petition.* In organizing a drainage district the commissioners are not required to either organize the district exactly as prayed in the petition or refuse to organize at all, since they, and not the land owners, constitute the tribunal to decide what land shall be included in the district.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. O. P. THOMPSON, Judge, presiding.

CONNOLLY & BARNES, for plaintiff in error.

JAMES M. TAYLOR, and LESLIE J. TAYLOR, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Sangamon county granted a petition of plaintiff in error for a writ of *certiorari* directed to the defendants in error, commanding them to certify to said court the record of their proceedings in the organization of Drainage District No. 1 of the town of Divernon, in said county. The record was certified to the court in obedience to the writ, and the defendants in error thereupon moved the court to quash the writ. The court sustained the motion and quashed the writ and rendered judgment against plaintiff in error for costs. Plaintiff in error appealed to the Appellate Court for the First District, where the judgment was affirmed, and he sued out a writ of error from this court to review the judgment of the Appellate Court.

The district was organized under the provisions of section 76 of the act providing for drainage for agricultural and sanitary purposes, as amended in 1901. (Laws of 1901, p. 157.) Counsel for plaintiff in error now contend that said section 76 is invalid and without force and effect, and that there was no valid statute in existence at the time the petition for the organization of the district was filed, authorizing the defendants to organize a district. The grounds upon which they contend for the invalidity of section 76 are, that the section of that number in the original act of June 27, 1885, was amended in 1897, (Laws of 1897, p. 207), by an act which was declared by a subsequent act to have

been intended to amend other sections, (Laws of 1901, p. 162,) and that in the title of the act of 1901 amending section 76 of the original act, the date of approval was erroneously given as June 26 instead of June 27, 1885. The enacting clause of the amendatory act of 1901 gives the date correctly and shows what act was amended. But if there was any merit in the point it could not be availed of in this suit for two reasons: First, it is inconsistent with the petition for the writ, which alleges that the petition for the organization of the district was presented under the provisions of section 76 of "An act to provide for drainage for agricultural and sanitary purposes and to repeal certain acts therein named," approved June 27, 1885, and in force July 1, 1885, as amended by act of May 11, 1901. The petition recognizes the validity of the act and alleges that its provisions were not complied with. Second, if there had been any question in the record of the validity of the statute it would have been waived by the appeal to the Appellate Court. In all cases where the validity of the statute is involved the appeal must be from the trial court to this court, since an Appellate Court is not authorized by law to decide that question. The same answer must be made to the argument that section 75 is invalid because it provides for taking private property for public use without compensation and without trial by jury. That question was not presented by the petition or preserved in the record, and if it had been, the supposed objection was waived by the appeal to the Appellate Court.

Other objections that cannot be considered on this appeal are those which are made to the graduated scale of the lands in the drainage district made by the commissioners. Plaintiff in error complains that six acres of land of the Illinois Central Railroad Company was not included in said scale, and that the highways within the district were included without describing them. As to any such question which concerns plaintiff in error he had a remedy by appeal. (*People v. Glassco,* 203 Ill. 353.) The only questions that can be raised

by the writ of *certiorari* are, whether the commissioners had jurisdiction or exceeded their jurisdiction, or otherwise proceeded without authority of law. They were authorized by law to make a graduated scale and assess benefits to land owners and to the highways, and in each case the classification is subject to review and to an appeal. The organization of the district would not be affected in any way by any illegality or injustice in the classification of lands.

The only questions presented in the argument which are open to consideration are, whether notice was given to the land owners as required by law, and whether the commissioners acted without authority of law in excluding lands described in the petition for the district that did not in fact belong to the system of drainage, and in including lands not described in the petition which did belong to such system.

The petition does not allege that plaintiff in error was not notified, and the record shows that he was personally served with notice as required by law; but the petition alleges that the district was not legally organized because the town clerk did not mail the notices sent to non-resident land owners. If plaintiff in error is entitled to make the objection that the commissioners did not obtain jurisdiction of some person who makes no complaint because the notice was deposited in the post-office by some person other than the clerk, there is no merit in the objection. The notices were given and signed by the town clerk but were deposited in the post-office by another person, and the argument for plaintiff in error is, that the clerk must go to the post-office with the notices and personally deposit them there. The statute requiring the clerk to mail the notices to land owners not residing in the county does not require that he should go to the post-office with them. The record shows that the notices were deposited in the post-office, and the statute was complied with.

The commissioners excluded some lands described in the petition, for the reason that they were not connected by drains

and ditches with the lands of the proposed district and were not dependent upon the proposed improvement for drainage, so that they would not be benefited by it, and they included lands not described in the petition which were connected with the drains and ditches of the proposed district and were interested in said ditches and required the same for drainage. It is contended by counsel for plaintiff in error that the commissioners had no jurisdiction to do this, but that they must organize the district exactly as prayed for or refuse to organize it at all. We do not so understand the statute, which provides that where two or more parties own adjoining lands which require a system of combined drainage and have by voluntary action constructed ditches which form a continuous line or lines and branches, and where needed repairs and improvements are not made by voluntary agreement any one or more owning parts of such ditch shall be competent to petition the commissioners of highways of the township for the formation of a "drainage district to include all the lands to be benefited by maintaining these ditches." The commissioners are required to examine all the lands that would be benefited or damaged by reason of the proposed improvement, and to proceed to organize a drainage district by causing a plat to be made of all said lands. The intent of the legislature is specifically declared, as follows: "It is the intent of this act to include all lands that would be damaged by filling the original ditch." The commissioners cannot perform the duties required by the statute without determining what lands will be benefited or damaged and including all such lands in the district. Owners of lands in the district may set the commissioners in motion, but the commissioners, and not the owners, constitute the tribunal to decide what lands shall be included in the district. The record shows that the district was legally organized.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*