## Chicago, Peoria & St. Louis Railway Company v. The People of the State of Illinois.

1. RAILROAD AND WAREHOUSE COMMISSION—*effect of rule of.* A rule contemplated by statute to be adopted by the Railroad and Warehouse Commission, when adopted, if valid, is in effect a part of the authorizing statute.

2. REPEALING ACT—*effect of, upon penalty incurred.* By virtue of section 4 of chapter 131 of the Revised Statutes, a repeal does not operate to defeat the enforcement of a penalty incurred under the repealed act.

3. FREIGHT RATES—*what tends to establish proper.* Not what are the usual and customary charges are necessarily fair and reasonable charges, nor is what is fair and reasonable in one place evidence of what is fair and reasonable in another; but proof of what is usual and customary under substantially like conditions in many places in the State tends more or less to prove what is fair and reasonable in any particular place in the State.

4. CROSS-EXAMINATION—*when should be liberal.* A witness who has testified as to what is a fair and reasonable freight rate should be permitted to be liberally cross-examined.

Action in debt. Appeal from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907.

TERRY & GUELTIG, P. B. WARREN and THOMAS FIRNES, for appellant; WILSON, WARREN & CHILD, of counsel.

W. H. STEAD, Attorney-General, and J. F. GILLHAM, State's Attorney, for appellee; J. F. McGINNIS, of counsel.

**Per Curiam.** This was an action in debt, in the Alton City Court, by appellee against appellant, to recover the statutory penalty for extortion. Trial by jury. Verdict and judgment in favor of appellee for $3,000.

The action is based upon paragraphs 124, 127, 128 and 131, chapter 114 Hurd's Revised Statutes, 1905. Paragraph 124 is as follows: "If any railroad corporation, organized or doing business in this State under any act of

incorporation, or general law of this State, now in force or
which may hereafter be enacted, or any railroad corporation
organized or which may hereafter be organized under the
laws of any other State, and doing business in this State, shall
charge, collect, demand or receive more than a fair and rea-
sonable rate of toll, or compensation, for the transportation
of passengers or freight, of any description, or for the use
and transportation of any railroad car upon its tracks, or any
of the branches thereof or upon any railroad within this
State which it has the right, license or permission to use,
operate or control, the same shall be deemed guilty of extor-
tion, and upon conviction thereof shall be dealt with as here-
inafter provided." Paragraph 127 provides the penalty;
paragraph 128 provides the procedure, and paragraph 131
provides that the Railroad and Warehouse Commissioners
shall make and publish a schedule of reasonable maximum
rates and charges for each railroad corporation doing busi-
ness, and that "said schedule shall be in all suits brought
against such railroad corporation wherein is, in any way,
involved the charges of any such railroad corporation for the
transportation of any passenger or freight, or cars, or unjust
discrimination in relation thereto, be deemed and taken in
all courts of this State as *prima facie* evidence that the rates
therein fixed are reasonable maximum rates of charges."

The declaration consists of three counts, each setting out
rule 23 of the Railroad and Warehouse Commissioners'
schedule, as follows: "The reasonable maximum rate for
switching loaded cars for distances not exceeding three miles
shall be two dollars per car. Switching includes the hauling
of loaded cars from the station yards, side tracks, elevators
or warehouses to the junctions of other railroads when not
billed from stations on its own road to said junctions and
from junctions of other railroads to the stations, side tracks
owned or controlled by the railroad company doing said
switching; it is that transfer charge ordinarily made for mov-
ing loaded cars for short distances for which no regular way
bill is made and which do not move between two regularly
established stations of the same road."

In the first count it is charged in substance, that on January 16, 1906, appellant switched a car, loaded with 83,100 pounds of crushed stone; in the second count the charge is, that on January 20, 1906, it switched a car containing 88,900 pounds, and in the third count that it switched a car containing 115,400 pounds, on March 10, 1906. In each count it is averred that appellant charged ten cents per ton for each ton without regard to the number of tons in a car, and that this charge was more than a fair and reasonable rate of compensation; "whereby the defendant has been guilty of extortion contrary to the statute."

. The evidence tends to prove that rule 23, above quoted, was first adopted in the year 1887 and was in force up to July 16, 1906, and it is conceded that on that date it was superseded by "a new rule 23," fixing the reasonable maximum rate of switching such loaded cars at ten cents per ton, not however to exceed four dollars per car, instead of two dollars per car as provided in old rule 23. This suit was instituted August 31, 1906, and was tried in October, 1906.

Counsel for appellant contend that no cause of action existed "for the reason that rule 23 in force at the time of the commission of the alleged offenses had been repealed, not only when the trial was had, but prior to the institution of the suit." To state their contention in another and fuller form it is, that rule 23 was in effect a material part of the statute, and that the repeal of a law under which a penalty has been incurred defeats the right to recover the penalty unless it has been pursued to judgment, except where there is a saving clause in the repealing act.

So far as we are now advised, we agree with counsel that rule 23 was in effect a material part of the statute. In the legislative scheme for preventing extortion and unjust discrimination a place was left to be filled by such rule, authority to adopt it was delegated to the Commissioners, its scope was bounded and its purpose declared. This appears to be the view taken by our Supreme Court in the following cases: Moore v. I. C. R. R. Co., 68 Ill., 385; C., B. & Q.

R. R. Co. v. People, 77 Ill., 443, and C., B. & Q. R. R. Co. v. Jones, 149 Ill., 361.

As to the effect of the repeal of rule 23, we cannot agree with counsel. We are of opinion that as the law now stands in this State, where the repealing act or order contains no saving clause, then section 4, chapter 131, Hurd's Revised Statutes, 1905, stands as a saving clause. That section is: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as. practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provisions may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject. or in any other act." In the year 1900, the Appellate Court of the Third District had this direct question under consideration in the case of People v. Jones, 92 Ill. App., 445. In that case the court said: "The act of 1887 was expressly repealed by the medical practice act of 1899, with no saving clause. For that reason, appellee contends that he is not liable for the statutory penalty sued for and calls to his aid the old rule 'that where a statute imposing a penalty is repealed, and the repealing statute contains no saving clause, the penalty provided by the repealed statute can not be recovered in an action brought after the repeal.' " And referring to the statute above quoted, the court continues: "The rule cited by appellant can not prevail over this plain statutory provision. The obvious inten-

tion of the enactment was to prevent the operation of the rule. Farmer v. The People, etc., 77 Ill., 322; Roth v. Eppy, 80 Ill., 283."

"Numerous Illinois cases are cited in support of the contention that the rule is still in force, but those decided since the date of the enactment all relate to matters of procedure, or steps taken for the enforcement of a remedy. In none of the late cases is it held that the repeal of a law under which a penalty has been incurred, unless there be a saving clause, defeats the right, unless it has been pursued to a judgment."

Counsel further contend with respect to rule 23, that even if its repeal or abrogation did not bar the right to prosecute appellant for the alleged violations, still the rule was not in force and it was error to admit it in evidence. They invoke the rule that there can be no vested right in mere procedure or in rules of evidence, and contend that rule 23 is a rule of evidence and having been abrogated prior to the trial, could not be availed of by appellee. In C., B. & Q. R. R. Co. v. People, *supra,* the court says: "In the view we take, the schedule of rates is something more than evidence—it is a fact upon which the action rests."

The evidence proves that appellant did switch the three loaded cars specified in the declaration during the time rule 23 was in force and that instead of charging the per car rate specified in that rule, it charged ten cents per ton, and as the load in each of these cars exceeded twenty tons the charge in each case exceeded two dollars. This we think made a *prima facie* case, and as it is sometimes expressed cast the burden upon appellant to prove that the charge it made was not in fact more than a fair and reasonable charge under all the circumstances of the particular case.

Inasmuch as the Commissioners had adopted and put in effect a "new rule 23" a short time after appellant's acts of alleged extortion, in which they had put such switching charges on a basis of ten cents per ton instead of the two dollars per car rate provided in the old rule, appellant deemed this an important fact in its favor and sought to in-

troduce this "new rule 23" in evidence, but the court refused to admit it. This counsel contend was error.

While it is true this new rule was in force both when the suit was instituted and when the case was tried, yet inasmuch as it was not in force at the time of the alleged extortion, we are of opinion that it was not a proper instrument of evidence to be admitted in the case, but any and all the facts and conditions that could have properly moved the Commissioners to adopt the new rate, so far as they may have existed at the time of the alleged extortions would be relevant and if properly presented should be admitted in evidence.

Many complaints are made of other rulings of the trial court in respect to the admission and rejection of evidence, and many of these complaints are not without just cause. They are too numerous to state and discuss in detail. Some of the more important ones are the various rulings denying appellant the right to prove the usual and customary charges during the time in question for like services in other cities and places in the State. The rate which makes the *prima facie* case is in force all over the State and this evidence should have been admitted. Not that what are usual and customary charges are necessarily "fair and reasonable" charges, nor that what is fair and reasonable in one place is necessarily fair and reasonable in another; but that proof of what is usual and customary under substantially like conditions in many places in the State tends more or less to prove what is fair and reasonable in any particular place in the State. The court refused to allow appellant to ask a witness on cross-examination whether or not it would be fair and reasonable for appellant to charge by the ton instead of by the car. This was error. This witness had testified in chief as to what he deemed fair and reasonable, and liberal cross-examination should have been allowed. The right to properly cross-examine was in many instances unduly limited.

The court after permitting appellee to prove that the Illinois Terminal Company charged only $1.50 per car for

switching refused to allow appellant to prove that the Illinois Terminal Railroad was owned by certain local manufacturing companies who were interested in having cars switched at the lowest possible rate. This was error. The facts sought to be proved, if true, might greatly lessen the value of the circumstance that that road only charged $1.50 per car.

The court permitted certain witnesses to testify as experts who did not sufficiently qualify.

Counsel complain of a great many instances of prejudicial remarks made by the trial judge in the presence and hearing of the jury. This complaint is at least to some extent warranted by the disclosures of the record, as is also the complaint of at least one improper remark by one of the attorneys for appellee. The remarks of the judge and of the attorney are not likely to be repeated on another trial, and we do not deem it necessary to set them out in this opinion. There may have been provocation for these remarks not fully disclosed in the record.

Upon consideration of the whole case as it appears to us from the record, we conclude that the judgment of the City Court of Alton should be reversed and the cause remanded for another trial.

The judgment of the City Court of Alton is reversed and the cause remanded.

*Reversed and remanded.*