The People of the State of Illinois for use of State Board of Health, Defendant in Error, v. F. A. T. Powella, Plaintiff in Error.

### Gen. No. 17,588.

1. PHYSICIANS AND SURGEONS — *when chiropodist must have license.* Where a person not having a license to practice medicine examines and manipulates an ankle, diagnoses the ailment, applies salve, charges for the treatment, gives the patient a pamphlet entitled "Chiropody * * * Pedaology" and a business card setting forth the office address, office hours and telephone number and that the practitioner is an "M. S. C.," meaning a "medical surgeon chiropodist," and that a foot and hand hospital is conducted, such person is unlawfully practicing medicine without a license, contrary to the Act of 1899, § 7.

2. APPEALS AND ERRORS—*appellate court cannot pass on constitutionality of act.* The appellate court is not authorized by law to decide whether a statute is constitutional.

Error to the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1913.

JAMES EDGAR BROWN, for plaintiff in error.

CHARLES ALLING, JR., for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action brought in the Municipal Court of Chicago by defendant in error to recover the sum of one hundred dollars from plaintiff in error, as the penalty for the first offense, for violation of the pro-

visions of the act as amended "to regulate the practice of medicine in the State of Illinois. * * * Approved April 24, 1899," it being claimed that she practiced medicine, as defined in section 7 of said act, without a license. The jury found by their verdict that she was guilty of such violation and assessed a fine of one hundred dollars, upon which verdict the court entered judgment for one hundred dollars and costs against her.

It appears from the evidence that Purcella Seiwert, an inspector for the State Board of Health, in company with Hannah Kibble, also an inspector for said board, called at the office of Mrs. Powella, No. 1435 North Wells Street, Chicago, on August 15, 1910, and told her that she (Mrs. Seiwert) had heard that she (Mrs. Powella) was a specialist on diseases of the feet, to which the latter replied that she was. Mrs. Seiwert then said that she had a shooting pain in the ankle of her foot and removed her shoe and stocking. Mrs. Powella then manipulated Mrs. Seiwert's ankle, diagnosed her ailment as the result of the carelessness of a physician in a previous operation properly to replace the veins and cords, applied salve and medicated cotton and bandaged the ankle, charged $1.50 for the treatment (which Mrs. Seiwert paid), gave her some salve in a box for subsequent application, and requested her to return for further treatment in a week. On August 24th, Mrs. Seiwert, in company with Mrs. Kibble, again called on Mrs. Powella and the latter again treated her ankle, applied a liquid medicine thereon, and said that she wanted Mrs. Seiwert to come back every week for several weeks for treatment, which would cost about twenty-five dollars. For this second treatment Mrs. Powella was paid two dollars at her request. During one or the other of the visits, Mrs. Powella gave to Mrs. Seiwert, at the latter's request, her business card, and a printed pamphlet of more than twenty pages, entitled "Chiropody * * * Pedaology." On the face of the business card was printed

the name "LeGrand Foot Hospital," underneath which were the words "Madama Florencia A. T. Powella, M. S. C." Mrs. Powella told Mrs. Seiwert that the letters "M. S. C." meant "Medical Surgeon Chiropodist." On the face of the card, also, were the office address, office hours, and telephone number. On the back of the card was printed: "LeGrand Foot and Hand Hospital, 1435 Wells St., entirely removes all Callous Growth on Feet and Hands. Prevents and cures Gangrene, Blood Poisoning, Inflammation, etc. When others produce the above conditions the cure is perfected through a course of Surgical and Medical Treatments at Le Grand Foot and Hand Hospital." The pamphlet referred to contained statements of like import.

It is urged that the evidence in this case shows that Mrs. Powella was only engaged in the "legitimate and harmless business of a chiropodist," and that defendant has violated no law of the state. We cannot agree with counsel. We think that the evidence shows that she violated the provisions of the act in question and that the verdict and judgment are fully supported by the evidence. Eastman v. People, 71 Ill. App. 236; Jones v. People, 84 Ill. App. 453; People v. Gordon, 194 Ill. 560.

It is further urged that the court erred in denying the motion of plaintiff in error, made immediately preceding the trial, to dismiss the suit because of the unconstitutionality of certain sections of the act upon which this action is based. This court is not authorized by law to decide such a question. Schaller-Hoerr Co. v. Gentile, 153 Ill. App. 458, 460; Barnes v. Drainage Commissioners, 221 Ill. 627, 629; Case v. City of Sullivan, 222 Ill. 56, 63.

We think that the other points relied upon by counsel as warranting a reversal are without substantial merit.

The judgment of the Municipal Court is affirmed.

*Affirmed.*