Section 8 of chapter 549, Laws 1873 (page 859), among other things, provides, that the board of excise of any city, town or village, may at any time, and upon the complaint of any resident of said city, town or village, shall summon before them any person or persons licensed as aforesaid, and if they shall become satisfied that any such person or persons has or have violated any of the provisions of this act or of the acts hereby amended, they shall revoke, cancel and annul the license of such person or persons, which they are hereby empowered to do; and, when necessary, to enter upon the premises and take possession of and cancel such license. Upon an inquiry the said board, or the party complained of, may summon and the said board may compel the *Page 95 
attendance of witnesses before them and examine them under oath. The acts referred to as amended are the act regulating the sale of intoxicating liquors, passed April 11, 1870, and the act entitled an act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16, 1857. These latter acts embrace the statutes now in force in regard to the sales of intoxicating liquors and for licensing the same. It will be seen that section 8 authorizes the board of excise, upon their own motion, whenever they suspect any person having a license for the sale of intoxicating liquors of having violated any of the provisions of the acts in question, to summon such person before them to inquire into the fact of such violation, and if they find him guilty, cancel his license; and upon the complaint of any resident of the city, etc., that such person has violated any such provision, commands them to summon such party and make inquiry as to the fact complained of. Complaint was made to the board, by a sergeant of the police, of Brooklyn, that the appellant, in substance, kept his saloon open upon Sunday for the sale of and sold beer therein. Though this is not formally stated in the complaint, yet the facts stated therein show, if true, that this was done there at that time. That keeping open the saloon on that day for the public sale of beer for a beverage was a violation of the statute, requires no argument.
It is insisted by the counsel for the appellant that section 8 (supra) was repealed as to the city of Brooklyn, by chapter 863, Laws of 1873 (p. 1290), amending the charter of the city. There is no provision in the latter act expressly repealing section 8. If thereby repealed, it is by implication upon the ground that it contains provisions inconsistent therewith. So far from this, section 58 (page 1344), provides, that the said board (of excise meaning) shall have the powers and perform the duties which are now conferred upon boards of commissioners of excise of the State under the provisions of an act entitled "An act regulating the sale of intoxicating liquors," passed April 11, 1870. Section 60, among other things, provides that it shall be the duty of the board to enforce the *Page 96 
provisions of the excise laws. There is nothing in the act inconsistent with section 8, and these provisions show an intention to continue it in force in Brooklyn.
The counsel further insists that section 8 is unconstitutional, for the reason that it authorizes the conviction of a party of a crime without a trial by jury. But it authorizes nothing more than an inquiry into and determination of the question, whether the party licensed continues to be a suitable and proper person to sell intoxicating liquors, the statute itself determining that a violator of the excise laws, while holding a license, is not such a person. That the power to license the sale of intoxicating liquors and to cancel such license when granted is vested in the legislature, has been determined by this court. (MetropolitanBoard of Excise v. Barrie, 34 N.Y., 657.) The mode and manner in which this shall be done rests in the discretion of that body.
The order of the General Term affirming the order of the Special Term denying a writ of prohibition, must be affirmed with costs.
All concur.
Order affirmed.