GEORGE MCCONNELL & others *vs.* WILLIAM H. H. KELLEY & another.

Essex.   Nov. 6, 7, 1884. — Jan. 13, 1885.   FIELD & C. ALLEN, JJ., absent.

A finding of a single justice of this court sitting in equity, on a question of fact, will not be revised by the full court upon a report of the case which does not set out all the evidence at the hearing.

A person who removes to and becomes an inhabitant of this Commonwealth, and owes debts contracted therein, is entitled to the benefit of the insolvent law, although the sole purpose of his change of domicil and of contracting debts here was to obtain the benefit of such law..

BILL IN EQUITY to vacate and set aside a warrant issued by the judge of insolvency for Essex county, upon the petition of the defendant Kelley.   Hearing before *Devens, J.,* who reserved the case for the consideration of the full court.   The facts appear in the opinion.

*B. N. Johnson,* ( *G. B. Ives* with him,) for the plaintiffs.

*W. Gaston & W. A. Knowlton,* for the defendants.

MORTON, C. J.   Our insolvent law provides that " an inhabitant of this State owing debts contracted while such inhabitant " may apply to the judge of the court of insolvency of the county within which he resides for the benefit of the insolvent law, and, if it appears that he owes debts to the amount of not less than $200, the said judge is forthwith to issue a warrant; it also provides that, for certain causes assigned, creditors may commence involuntary proceedings against a debtor, if he " has resided in the State within one year."   Pub. Sts. *c.* 157.   In the case before us, the defendant Kelley duly filed his petition to the judge of insolvency for Essex county, who thereupon issued a warrant to take possession of his property; and the plaintiffs, who are creditors having attachments of said Kelley's

property, thereupon brought this bill to vacate and set aside the warrant.

The justice of this court who heard the case found, as a fact, that, before filing his petition, Kelley moved from the State of New Hampshire into Methuen in the county of Essex, and "became a resident of this State."

The plaintiffs have argued that there is not sufficient evidence to show that Kelley had become an inhabitant of this State; but this is not open to them upon this report. The evidence is not reported in full, and we therefore cannot revise the finding of the justice who heard the case. Throughout the statute the words "resides" and "resided" are constantly used as describing inhabitancy, and generally the word "resident" in a legal sense is synonymous with inhabitant. We cannot doubt that the presiding justice used it in this sense; and that the questions intended to be presented by the report were whether Kelley, although he removed to and became an inhabitant of this State, is deprived of the benefit of the insolvent law, because the sole purpose of his change of domicil or inhabitancy, and of contracting debts in this State, was that he might have the benefit of such law.

A man has a right to change his domicil for any reasons satisfactory to himself. In determining whether there has been such a change from one place to another, the test is to inquire whether he has in fact removed his home to the latter place with the intention of making it his residence permanently, or for an indefinite time. If he has, he loses his old domicil, and acquires a new one with all its rights and incidents; and the law does not inquire into the purposes or motives which induced him to make such change. It may be because he prefers the laws of the new place of domicil, or because he can diminish his taxes and other burdens, or because he desires to bring a suit in a court which would not otherwise have jurisdiction. *Thayer* v. *Boston*, 124 Mass. 132. *Case* v. *Clarke*, 5 Mason, 70. His status as an inhabitant depends upon the fact that he has made a change of his home, and not upon the motives or reasons which influenced him to do so.

In the case at bar, therefore, it being found as a fact that the respondent Kelley had become a resident of this State, he had

the right to apply for the benefit of the insolvent laws, although his sole purpose in making the change of his domicil was to enable himself to do so.

It also appeared at the hearing, that most of the debts due by Kelley, though due largely to residents of Massachusetts, were contracted while he was an inhabitant of New Hampshire; and that after he removed to Massachusetts, and before he filed his petition in insolvency, he contracted debts in this State of between $200 and $300, "for the purpose of owing debts contracted in Massachusetts, and thus enabling himself to commence proceedings in Massachusetts;" and the plaintiffs contend that this ousts the jurisdiction of the court of insolvency.

The jurisdiction of the court depends upon the facts, that the applicant is an inhabitant of the State, and owes some debts contracted while such inhabitant. Pub. Sts. *c.* 157, § 16. *Breed* v. *Lyman*, 4 Allen, 170. These facts being proved, the jurisdiction attaches, and we do not think the judge of insolvency can inquire into the circumstances under which the debts were contracted, or the motives and purposes of the applicant in contracting them. Nor can he inquire whether the debts which are the basis of his jurisdiction are debts which will be barred by the discharge. He has no jurisdiction to make such inquiry. He can only inquire whether there are *bona fide* debts contracted while the applicant was an inhabitant of the State.

The facts in this case show that there were such debts. If the applicant had any improper purpose in contracting them, the creditors were not participants in it. Their debts are just and *bona fide* debts, which are provable under the insolvency proceedings; and we are of opinion that the court of insolvency had jurisdiction to issue the warrant, although the insolvent debtor contracted them for the purpose of putting himself in a position which enabled him to take the benefit of the insolvent law. *Bill dismissed.*