SMITH, *Ap't,* v. STANLEY & *a.*

The probate court has no jurisdiction of an assignment in insolvency made by one whose residence in this state is only temporary.

APPEAL, from decrees of the probate court appointing a messenger and an assignee upon the estate of Stanley in insolvency. One reason assigned for the appeal is want of jurisdiction of the probate court, on account of non-residence of Stanley at the time of his assignment. The appellant is an attaching creditor of Stanley. Facts found by the court. Stanley came to Conway in this state October 18, 1891, under a contract to cut and manufacture the lumber on a lot of land in that town, which contract it was expected would take him two years to perform. His wife and child soon followed him, and they kept house in Conway until June 22, 1892, the day after the assignment was executed, when they returned to Hiram, Maine, which had been their home before they came to Conway. The assignment was filed June 30, 1892. Stanley at times expressed a doubt about returning to Hiram to live, but always regarded it as his home, and his residence in New Hampshire as temporary for the purpose of performing his contract. So far as it is a question of fact, the court found that Stanley was not an inhabitant of this state within the meaning of P. S., *c.* 201, at the time of making his assignment.

*Josiah H. Hobbs* (with whom was *James A. Edgerly*), for the appellant.

*John B. Nash* and *John C. L. Wood,* for the appellees.

BLODGETT, J.   The probate court had no jurisdiction, and the assignment was a nullity. *Ayer* v. *Weeks,* 65 N. H. 248; *McConnell* v. *Kelley,* 138 Mass. 373.   The appeal is sustained.

*Decree of probate court reversed.*

CLARK, J., did not sit: the others concurred.