EDWARD S. WHITCOMB, admr., *vs.* THOMAS C. ROBBINS, et als.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Jurisdiction of Courts of Insolvency over Foreign Corporations.*

Our courts of insolvency have no jurisdiction over a corporation created by the laws of another state and having no establishment or principal business office here, although sending its products here to be sold by special agents and owning property and contracting debts within the insolvency district.

V. S. 2166 construed.

PETITION to the Supreme Court for the County of Chittenden at the May Term, 1896, for a writ of prohibition against Thomas C. Robbins as Judge of the Court of Insolvency for the District of Rutland, George E. Lawrence, attorney for the Walter A. Wood Mowing and Reaping Machine Co., and John D. Miller as assignee in insolvency of the same company. The defendants answered, evidence was taken and a stipulation filed, upon which the case was heard. The material facts appear in the opinion.

*Powell & Powell* and *W. L. Burnap* for the petitioner.

The court of insolvency is purely statutory and its jurisdiction limited. It has no powers not conferred expressly, or by necessary implication. Its action must be confined to the particular matters and parties over which the law creating it has authorized it to act. *Rhode Island* v. *Massachusetts,* 12 Peters 657; *Collamer* v. *Page,* 35 Vt. 389.

The submission of the corporation could not confer jurisdiction. Consent may facilitate the functions of the court where the law confers jurisdiction, but cannot create jurisdiction.

This corporation could not have been compelled to submit, neither could it have proceeded by voluntary petition; which shows that the court had no jurisdiction.

*George E. Lawrence* and *Joel C. Baker* for the defendants.

The question is, did the court have jurisdiction to adjudge this corporation an insolvent debtor.

The insolvency statute is merely a method for the collection of debts and one so much more equitable than the common law process that it should be favored. By coming into this State for the sale of its goods and the contraction of debts this corporation became subject to the jurisdiction of our courts and to their process for the collection of debts.

It is not required by the present statute that the person to be adjudged an insolvent debtor should be an inhabitant

of this State nor, if a corporation, that it should have been created by the laws of Vermont. In these respects the statute has been amended, obviously for the purpose of making it applicable to cases like the present. V. S. 2151, 2153, 2166.

TYLER, J. It appears by the agreed statement of facts that the Wood Mowing and Reaping Machine Company was a corporation created and existing under the laws of the state of New York, and having its manufactory and home office at Hoosic Falls in that state where its manufacturing was solely done. It had agents in each county in this State to whom it sent its machines for sale and whose sole duty was to sell, collect pay for and remit the amount to the company. Its product was disposed of in the same manner in nearly all the other states. It never had agents in this State other than those above described. In Dec. 1895, it had a large number of machines and proceeds of sales of machines to a considerable amount in the hands of its agents in Rutland and other counties in this State. The complainant, who resided in Chittenden county, had for a long time been a creditor of the company, and on December 26, 1895, brought a suit against it in that county, attached a large number of machines and summoned its agents as trustees. The company was then in the hands of receivers in the state of New York. In January, 1896, an officer of the company, who was also a receiver, consulted Geo. E. Lawrence, a lawyer of Rutland, about the complainant's suit and the rights of the parties, and said Lawrence advised the instituting of insolvency proceedings in the District of Rutland. One Parris became a petitioning creditor, the petition was served upon Lawrence, who, pursuant to his employment, appeared for the company, submitted to the jurisdiction and consented to the adjudication. The complainant had no knowledge of the proceedings until he was notified to appear and prove his claim.

The submission and consent of the corporation to the insolvency proceedings cured all defects in respect to service of process upon it, but the question is whether, upon the facts reported, the corporation could be brought within the jurisdiction of one of our insolvency courts. If the court had jurisdiction it follows that the writ of prohibition prayed for will not issue.

The defendant contends that the facts that this corporation had established a business in this State through its agents, sent its machines here for sale and contracted debts here in the transaction of its business, gave our courts jurisdiction so far as to adjudicate all matters between itself and its local creditors, and that our courts were open to our citizens to bring any proceedings under our laws for the collection of debts; that as foreign corporations may sue and be sued in this State, they are amenable to all of our laws that were enacted to facilitate the collection of debts. On the other hand, the complainant insists that the insolvency law was not originally framed nor has it since been enlarged to include within its provisions non-resident persons and corporations.

The law was passed in the year 1876, and its provisions were extended only to inhabitants of this State and to corporations created by the authority of our own laws. See §§ 15, 91, 98. The same provisions are found in the Revised Laws, § 1790: "An inhabitant of this State owing debts * * * may apply by petition" etc.; and by § 1870, "A person residing in this State," may have committed certain acts of insolvency and his creditors may petition; and by § 1879 the provisions of the act are extended to corporations "created under the laws of this State," except railroad and banking corporations. This limitation in the operation of the law continued until 1884, when by No. 138, § 2 of the acts of that session, the Revised Laws were amended by striking out the words, "created under the laws of this State," and R. L., § 1879, as thus amended, is § 2166, V. S.

The jurisdiction and powers of the insolvency courts are only such as are conferred by statute, and it is not claimed that there was jurisdiction in this case unless obtained by the amendment of 1884.

The words, "A person residing in this State," which occur in R. L. 1870 are omitted in V. S. 2151, yet it is apparent that §§ 2151, 2152 and 2153 relate to persons who reside or have resided here and have committed certain acts. Without the aid of §§ 2152 and 2153 a person who had resided and committed acts of insolvency in this State could not, after he had changed his residence to another state, be amenable to our insolvent law though he had creditors and property here. By virtue of these sections of the statute he may be brought within the jurisdiction of our courts for the period of ninety days after the acts of insolvency were committed.

The sections last cited show a legislative intent to limit the operation of the insolvency law to residents, *inhabitants* of the State, and for a short period to persons who have moved from this into other jurisdictions. We do not construe the amendment of 1884 to have been made to remove the limitation and confer the benefits of the law upon foreign corporations that merely send their manufactured goods into this State for sale, but that corporations established in this State and having their principal office and transacting their business here may be amenable to our law, though they were created by the laws of other states. Such corporations manifestly should not be exempt from the operation of our laws.

This is the natural and reasonable construction of the statute. It could hardly be contended that the corporation in question could avail itself of our insolvency law by voluntary petition; if so, what district of the state would have jurisdiction? This construction is fully sustained by the authorities cited upon the complainant's brief.

The Massachusetts cases, arising under a statute like ours,

*31*

are decided upon the ground of residence. In *Judd* v. *Lawrence*, 1 Cush. 531, it was held that an alien resident was entitled to the benefit of the act, and in *McConnell* v. *Kelley*, 138 Mass. 372, that the jurisdiction of the court depended upon the facts that the petitioner was an inhabitant of the state and owed debts contracted while such inhabitant.

> *Petition granted and a writ of prohibition directed to be issued in accordance therewith.*