## Thomas W. Thorp *vs.* Theron H. Porter.

### May Term, 1898.

Present: Ross, C. J., Rowell, Tyler, Munson, Start and Thompson, JJ.

*V. S. 2151, 2152—Court of Insolvency—Jurisdiction over Non-Resident.*

Our courts of insolvency have no jurisdiction over a non-resident insolvent debtor whose non-residence reaches back more than ninety days before the filing of the petition.

The rule is not varied by the fact that the insolvent debtor, after his removal from the State, has continued to do business here through an agent, and has committed acts of insolvency here within ninety days.

A discharge obtained in such proceedings is no bar to an action upon a provable debt in favor of one who intervened and moved to dismiss the petition, and took no appeal from the denial of his motion; and it is immaterial that the debt accrued in part before the insolvent's removal.

When jurisdiction depends upon a fact, and the fact is found by the tribunal whose authority is challenged, the determination, unappealed from is conclusive in favor of jurisdiction; but in this case no jurisdiction was secured by the adjudication of insolvency.

The appearance of the non-resident was only a submission of his person, and did not confer jurisdiction over the subject matter.

In courts created by statute, jurisdiction of the subject matter can be conferred only by the statute.

V. S. 2151, 2152, construed.

Book Account. Plea, discharge in insolvency. Replication and traverse. Trial by the court at the September Term, 1897, Chittenden County, *Taft*, J., presiding. The disposition of the case is stated in the opinion. The defendant excepted.

*L. F. Wilbur* for the defendant.

*J. J. Monahan* for the plaintiff.

Ross, C. J. The defendant pleaded his discharge in insolvency in bar of the plaintiff's action. The plea was traversed. On the trial by the court, the defendant conceded that he formerly resided in the town of Jericho, that he removed to Neponset, Massachusetts, in 1892, where he has ever since

resided; that he has been neither a citizen nor resident of this State since the time of his removal.

The defendant then offered in evidence the record of the court of insolvency of the proper district, in which he obtained his discharge. The proceedings in the court of insolvency were commenced May 30, 1896. The petition on which the defendant was adjudged an insolvent was filed by the defendant's creditors, resident in this State, and sets forth that the defendant then resided in Neponset, but was carrying on business through an agent, or business manager in Jericho, and had committed several acts of bankruptcy within ninety days prior to the filing of the petition. The record is in due form and shows that the defendant was adjudged to be an insolvent; that he appeared and complied with the orders of the court upon him, and in due course of proceedings obtained his discharge. The record further shows that the plaintiff, with others, intervened in those proceedings and moved to have them dismissed, on the ground that the court had no jurisdiction, which motion was denied and no appeal taken from the decree denying it. The claim in suit was provable in those proceedings, but was not proved, nor did the plaintiff take part therein beyond the motion to dismiss. The court *pro-forma* against this exception of the defendant excluded the record, on the ground that the court of insolvency had no jurisdiction of the subject matter. The defendant then offered to show that the indebtedness on which he was adjudged an insolvent accrued in the insolvent district before he became a non-resident; that a portion of the plaintiff's claim accrued before and a part after he became a non-resident, and that when he became a non-resident he left an agent and business manager who remained and acted for him until the adjudication of insolvency. These offers were rejected against the exception of the defendant.

The question presented for consideration is whether the court of insolvency had, on the concession and facts offered

to be proven under the statute, jurisdiction to deal with the estate of the defendant in this State as an insolvent debtor, for more than ninety days after he became a non-resident of the State. The court could not confer jurisdiction by so adjudicating. When its jurisdiction is dependent upon the existence of a fact or facts, and on proper proceedings and notice, it finds such fact or facts to exist, its finding and adjudication, unappealed from, in proceedings *in rem* bind everybody, in proceedings *inter partes*, bind the parties. Nor can the appearance and submission of the insolvent do more than submit his person to the jurisdiction of the court. It cannot confer upon it jurisdiction of the subject matter. In courts created by statute, jurisdiction of the subject matter can be conferred only by the statute. By V. S. 2064 one must be an inhabitant of the State and owe debts contracted while such inhabitant to petition himself into insolvency. Other provisions of the statute are to the effect that the court must have jurisdiction and control of his person, to enable it to enforce its decrees and orders to be done and performed by him.

V. S. 2151 specifies several causes for which creditors may petition their debtor into insolvency. Among them is his departure, or absence from the State, with the intent to defraud his creditors, and his remaining absent or concealed to avoid service of process upon him. It is manifest in such cases he may never return, so as to come personally within the jurisdiction of the court. V. S. 2152 allows his creditors within ninety days thereafter, or after he has committed the acts of insolvency complained of, to bring a petition, in the insolvency district where he resides, or last resided, to have him adjudged an insolvent. These sections were considered in *Whitcomb* v. *Robbins*, 69 Vt. 477. It is there said, "By virtue of these sections of the statute he may be brought within the jurisdiction of our courts for a period of ninety days after the acts of insolvency were committed. The sections last cited show a legislative intent to limit the

operation of the insolvency law to residents, *inhabitants* of the State, and for a short period to persons who have removed from this into other jurisdictions." While the ninety days spoken of in 2152 are so many days after the acts of insolvency are committed, this expression of a definite time in which creditors are to act excludes a further extension by implication. There is no provision of the statute, however desirable it might be to have one, by which, if the insolvent ceases to be an inhabitant but continues to carry on his business in the State, and while so residing out of the State, commits acts of bankruptcy, on petition of his creditors within ninety days after such acts, the court may adjudge him to be an insolvent, and take charge of and distribute his estate, found in this State. Such adjudication involves all the insolvent's estate wherever found, unless held to answer his creditors in jurisdictions where it is located. Personal property, as a rule, has the situs of its owner. Our insolvency law recognizes this fact, and, when considered as a body of law, we think it clearly provides that to give the court jurisdiction, the insolvent must either be an actual inhabitant of the State, or his acts of insolvency must have occurred just before, or just as he was leaving the State, and then his creditors are given ninety days thereafter to proceed against him.

This disposes of the questions passed upon by the county court, raised by the bill of exceptions. We have considered no other questions. On these views, with reference to the case presented, the court of insolvency did not have jurisdiction.

*Pro-forma judgment affirmed, and cause remanded.*