CHARLES E. EDDY *v.* WEST VIRGINIA BOARD OF OPTOMETRY *et al.*

(No. 8339)

Submitted November 23, 1935. Decided December 10, 1935.

*Sam Silverstein,* for petitioner.

*Homer A. Holt,* Attorney General, and *W. Holt Wooddell,* Assistant Attorney General, for respondents.

Woods, Judge:

Petitioner, who was given notice to appear before the West Virginia Board of Optometry and show cause why his license should not be revoked, seeks by prohibition to restrain said board from proceeding further in the matter. In support of the writ, he contends (1) that the notice is insufficient to confer jurisdiction; and (2) that the Act relating to Optometry (Code 1931, 30-8), in so far as it purports to confer authority on the board to suspend and revoke, is unconstitutional.

Is the notice sufficiently informative to confer jurisdiction over person of petitioner? The Board by section 8 of the article dealing with optometry is given authority to suspend or revoke any certificate of registration for any one, or any combination, of seven separate causes, including that of "Advertising, practicing, or attempting to practice under a name other than one's own." It is provided (Code 1931, 30-1-8) that in such proceedings "a statement of the charges against the holder thereof and a notice of the time and place of hearing shall be served upon such person," etc. The notice contains the following: "You are hereby notified that the charges against you are that you are operating in violation of law; that you are operating through the Kay Jewelry, a corporation; that you have received from and are receiving from the Kay Jewelry a salary, purporting said salary to be a percentage of the payments made by certain customers whose names will be furnished to you upon request."

The petitioner takes the position that the notice fails (a) to charge the violation of any law of the state; and (b) to set out any one of the seven statutory grounds for which suspension or revocation of license may be had. He insists that the particular statutory cause or causes should have been set out *in haec verba* in the notice.

We are of opinion that the notice is sufficient to fairly inform petitioner of the nature of the misconduct of which he is to be tried. He is advised thereby that he is "operating in violation of law," and the particulars wherein he has violated the same. The notice shows on its face that it was drawn under the cause, heretofore mentioned, i.e., that of "adver-

tising, practicing, or attempting to practice under a name other than one's own." The notice being sufficient, the board has jurisdiction of the person.

The right of the legislature, in exercise of police power of the state, to prescribe reasonable rules and regulations, in reference to optometry was recognized in the recent case of *Eisensmith* v. *Buhl Optical Co.*, 115 W. Va. 776, 178 S. E. 695. But, insists petitioner, the right to consider and determine whether or not a practitioner's license should or should not be suspended or revoked is a judicial, or quasi-judicial function, the exercise of which may not, in view of the interest of the several members of the board in keeping competition down in the profession, be delegated to such board. In this petitioner loses sight of the fact that revocation of a license is no more a judicial function than that of licensing; that both are a part of the regulatory measure. *State ex rel. Chapman* v. *Board of Medical Examiners*, 34 Minn. 387, 26 N. W. 123; *Meffert* v. *Board of Medical Registration*, 66 Kan. 710, 72 Pac. 247; *State* v. *DeVerges*, 153 La. 349, 95 So. 805; *Lehman* v. *Board*, 208 Ala. 185, 94 So. 94; *Board of Health* v. *Powella*, 176 Ill. App. 603. As stated in Throop on Public Officers, sec. 617: "The maxim that no man shall be judge in his own case 'applies to judicial officers, but not to officers whose duties partake of an administrative character, and are only quasi-judicial. * * * If this objection should prevail, assessors, highway commissioners, tax commissioners, and many other boards of public officers, would be incompetent to act, and it would be impracticable to exercise some of the most important functions of the government.' "

It will also be noted that petitioner, in case his license is revoked, may, within thirty days after the decision of the board, present his petition in writing to the circuit court of the county in which he resides, praying for the review and reversal of such decision. Code 1931, 30-1-9.

Being of opinion that the petitioner has not shown an abuse of jurisdiction on the part of the defendant, the writ is denied.

*Writ denied.*