IN RE PETITION OF GREEN MOUNTAIN POST NO. 1.

(73 A2d 309)

February Term, 1950

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed May 2, 1950.

*N. Henry Press* and *Harold C. Sylvester* for petitioner.

*Clifton G. Parker,* Attorney General, and *Frederick G. Mehlman,* Deputy Attorney General, for petitionee.

ADAMS, J. This is a petition for a writ of prohibition brought to this Court by Green Mountain Post No. 1, The American Legion, Department of Vermont, whereby it is sought to prohibit the Vermont Liquor Control Board from suspending the first and third class licenses of the petitioner to sell malt and vinous beverages and intoxicating liquors. The board filed an answer. A commissioner was appointed who heard the evidence and filed findings of fact.

It is necessary to refer only to some of the facts set forth in the petition that were admitted by the answer and found by the commissioner. It appears that the petitioner operates a club, so-called, in its Legion Home in the City of St. Albans; that it holds a first class license to sell malt and vinous beverages and a third class license to sell intoxicating liquors; that the Vermont Liquor Control Board issued and promulgated certain rules and regulations directed to clubs, particularly No. 35 D, as follows:— "Doors of the club most commonly used shall be equipped with a spring lock and kept locked at all times and shall be equipped with a bell or buzzer for use to gain entrance. The Board may upon application of the club modify this requirement if, in its judgment, the enforcement of the regulation is impractical."; that the Board notified the petitioner that its licenses were suspended for a period of fifteen days because of a violation of said regulation No. 35 D.

258

Before the effective date of the suspension order the petitioner brought this petition praying that a writ of prohibition issue from this Court prohibiting the Liquor Control Board from putting the order into effect. Execution of the order was stayed until final disposition of the petition.

The grounds set forth in the petition for issuing the writ are in substance :— That the Liquor Control Board acted without jurisdiction and beyond the authority conferred upon it by the statutes in the promulgation of regulation No. 35 D and beyond the intent of the Legislature in its authorization for the issuance of rules and regulations by the Board governing the control of intoxicating liquors; that regulation No. 35 D is entirely discriminatory and arbitrary in its application and effect as to regulation of clubs as a whole in the state; that the statutes do not give jurisdiction to the Board to regulate and control the petitioner in the manner provided by regulation No. 35 D and that the suspension order was issued without a proper hearing. In short, the petitioner challenges the authority and jurisdiction of the Board on constitutional and statutory grounds.

██ Prohibition is a prerogative writ known to the common law. It is directed against unwarranted assumption of jurisdiction or excesses of it. It is a remedy of exigency. Like all other prerogative writs, it is to be used for the furtherance of justice and to secure order and regularity in judicial proceedings and issued only in cases of extreme necessity. 42 Am Jur Prohibition, § 6 ; Anno 77 ALR 246. The phrase in V. S. 47, § 1372 "that may be necessary for the furtherance of justice and the regular execution of the law" is merely declaratory of the common law and does not extend the use of the writ beyond its limits. *Gould et als* v. *Parker, Att'y. General et al,* 114 Vt 186, 188-190, 42 A2d 416, 159 ALR 622, and cases cited.

██ It lies not only to courts *eo nomine* but also to inferior ministerial bodies possessing incidentally judicial powers, such as are known as quasi-judicial functions. *Town of Springfield* v. *Newton et als,* 115 Vt 39, 43, 50 A2d 605.

██ It is a legal remedy, provided by the common law, extraordinary in the sense that it is ordinarily available when the usual and ordinary proceedings at law or in equity are inadequate to afford redress, prerogative in character to the extent that it is not always demandable of right to prevent courts or other tribunals,

officers or persons from usurping or exercising a jurisdiction with which they have not been vested by law. 50 CJ Prohibition, § 1.

■ Being a prerogative or extraordinary writ, it does not lie, as a rule, for grievances which may be redressed in the ordinary course of judicial proceedings by the remedies provided by law. 42 Am Jur, Prohibition, § 5. Prohibition will not issue where there is an adequate remedy by injunction, 50 CJ, Prohibition, § 65, note 39. Ordinarily prohibition will be denied where other remedies exist which, if availed of, would afford complete and adequate relief. 50 CJ, Prohibition, § 56. The general rule is that the extraordinary writ of prohibition cannot be invoked when the usual and ordinary remedies provided by law such as appeal, writ of error, writ of review, certiorari, motion for change of venue, injunction or mandamus are available and are adequate and complete. Anno. 77 ALR 247; 42 Am Jur Prohibition, § 8; 22 RCL. Prohibition, § 8; Ann Cas 1913 D 594. Failure to resort to another recognized remedy which is available and adequate does not alter the general rule or take the case out of it. 42 Am Jur Prohibition, § 8. A rule that prohibition will not ordinarily issue where there is another adequate remedy has frequently been applied where the writ has been sought to restrain the quasi-judicial actions of boards and tribunals or officers. 50 CJ Prohibition, § 86.

■ The weight of authority supports the view that in the absence of a statute authorizing the issuance of the writ of prohibition to restrain ministerial acts, the writ will not lie to prevent the issuance or revocation of a liquor license. Anno. 115 ALR 16. The following cases supporting that statement have come to our attention. *LaCroix* v. *County Commissioners of Fairfield County,* 49 Conn 591; Id, 50 Conn 321, 47 Am Rep 648; *Higgins* v. *Talty et al,* 157 Mo 280, 57 SW 724; *Hawk's Nest* v. *County Court of Fayette County,* 55 W Va 689, 48 SE 205; *In Re Thomas,* 26 Ont Rep 448; *Holmes et al* v. *Board of Supervisors of Forrest County,* 199 Miss 363, 24 So2d 867; *Hayes* v. *Trustees of City of Oceanside,* 6 Cal App 520, 92 P 492; *State Ex Rel Richland County* v. *City Council of Columbia,* 16 SC 412; Id, 17 SC 80; *Virginia-Pocohontas Coal Co.* v. *McDowell County Court,* 58 W Va 86, 51 SE 1; *People Ex Rel Presmeyer* v. *Board of Commissioners of Police & Excise, City of Brooklyn,* 59 NY 92.

The writ has been refused in license cases involving the action of other boards. We mention a few as illustrative of the rule.

*Drummey et al* v. *State Board of Funeral Directors & Embalmers et al,* 13 Cal 2d 75, 87 P2d 848; *Whitten* v. *California State Board of Optometry,* 8 Cal 2d 444, 65 P2d 1296, 115 ALR 1; *State Ex Rel McAnally* v. *Goddier et als, Board of Health,* 195 Mo 551, 93 SW 928; *Eddy* v. *West Virginia Board of Optometry,* 116 W Va 698, 182 SE 870; *Jamieson* v. *State Medical Society,* 35 Okla 685, 130 P 923; *State Ex Rel Chapman* v. *State Board of Medical Examiners,* 34 Minn 387, 26 NW 123.

It seems to be the rule that a court will not determine constitutional questions in a prohibition proceeding if the same question may be raised in another proceeding which will furnish the applicant an adequate remedy. 6 Ann Cas 986. The court will exercise its discretion to refuse to grant the writ of prohibition where the question involved is one of law, such as the constitutionality of an act, which may be regularly brought before a reviewing court on appeal. 22 RCL Prohibition § 5. Passing upon a constitutional question in a prohibition proceeding pre-supposes that all other elements necessary to sustain the proceedings are present. 42 Am Jur Prohibition, § 32; Anno 113 ALR 796. One of these elements as we have seen is the absence of any other adequate remedy.

Here the petitioner had other adequate and complete remedies by injunction or otherwise by which it could raise and have determined all questions raised by its petition. There is nothing in the petition or facts entitling the petitioner to the writ as a matter of right. The facts in the instant case are not sufficient to justify this Court in entertaining the petition or granting the writ.

*The petition is dismissed and the order staying the execution of the order of the Vermont Liquor Control Board is vacated.*