### In Re Petition of Merrill Raymo

[154 A2d 487]

May Term, 1959.

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 1, 1959.

*C. O. Granai* for the petitioner.

*Robert A. Magoon,* State's Attorney, for the State.

**Barney, J.** The petitioner in this case seeks a writ of prohibition from this Court to bar permanently further proceedings in a certain criminal action now pending before the Lamoille County Court. He is one of two respondents charged by information in that court with breaking and entering a dwelling house in the daytime with intent to commit larceny therein. At the arraignment petitioner stood mute, a plea of not guilty was entered on his behalf by the court, and upon the furnishing of bail he was set at liberty. While awaiting trial petitioner filed two motions which may be summarized as (1) a request to quash and suppress certain evidence alleged

to have been obtained by means of illegal searches and seizures made by a state trooper without a search warrant, and as (2) a request to have this same property restored to petitioner's possession.

Upon hearing before the Lamoille County Court these motions were denied and the petitioner was granted exceptions. The petitioner then sought to have the court's ruling passed to this Court for determination before trial. This request was denied by the court whereupon petitioner brought these proceedings.

The relief he seeks is to have this criminal complaint against him quashed, to have the goods and chattels involved returned to him, to have his bail discharged, and to be released himself. He also asks to have any and all evidence based on these goods and chattels suppressed with respect to any criminal proceedings which may be brought against him concerning these goods and chattels.

The petitioner states in his brief that the purpose of the writ here sought is to prevent the court below from denying him rights guaranteed under our Constitution. He further states that the two constitutional questions involved relate to illegal search and seizure (Const. Chap. I, Art. 11) and self incrimination (Const. Chap. I, Art. 10).

■ The burden is on one who seeks prohibition to demonstrate the presence of the elements necessary to sustain the issuance of the writ. This requirement is not altered by the presence of a constitutional question in the case. *Petition of Green Mountain Post*, 116 Vt 256, 260, 73 A2d 309.

■ The writ does not lie to prevent errors or irregularities in judicial proceedings, if the matter is within the jurisdiction of the tribunal. Its function is to prevent the unlawful assumption of jurisdiction, either of the entire subject matter or of something collateral or incidental thereto, contrary to common law or statutory provisions. *Leonard* v. *Willcox*, 101 Vt 195, 203, 142 A 762; *Bullard* v. *Thorpe*, 66 Vt 599, 601, 30 A 36, 25 LRA 605. As a prerogative or extraordinary writ, it does not ordinarily lie for grievances which may be redressed in the ordinary course of judicial proceedings by the remedies pro-

vided by law, such as appeal, writ of error, writ of review, certiorari, motion for a change of venue, injunction or mandamus. *Petition of Green Mountain Post, supra,* 116 Vt at page 259. Prohibition proceedings do not pass upon exceptions saved at the trial below in the manner of an appeal, but rather, in appropriate cases, act as a means to an extraordinary remedy where the operation of usual appellate procedures are absent or do not give complete and adequate relief in the particular circumstances. *Reed* v. *Allen,* 121 Vt 202, 153 A2d 74. If the available relief by appeal or writ of error is not adequate in the sense that it is not plain, speedy and is not potentially productive of substantially the same relief afforded by the writ if granted, or if the public interest requires a settling of the question involved at the earliest possible moment, it is within the discretion of this Court to grant the writ. *Emerson* v. *Hughes,* 117 Vt 270, 284, 90 A2d 910, 34 ALR2d 539; see also 42 Am Jur, Prohibition, §8, pp. 144-145. Prohibition enforces the same substantive law that is determinative in any of our judicial proceedings. Its function is to provide a means to the discovery and correction of errors or irregularities in judicial proceedings which would otherwise go unreviewed because they were outside the scope of regular appellate procedures.

The first and principal ground for relief through a writ of prohibition advanced in the petition before us may be summarized as follows: The refusal of the trial court to certify to this Court the constitutional questions raised by petitioner's motions relating to illegal search and seizure and return of the property involved had the effect of denying petitioner the peotection of an adequate appeal, since effective protection of the petitioner's constitutional rights required determination of these questions before trial and before the evidence in question was presented in court against him.

Under the provisions of 12 VSA §2428 the trial court has the discretionary power to pass to this Court for hearing and determination before final judgment exceptions taken to rulings below. Exercise of this discretion, authorized by statute, is obviously not an assumption of unauthorized judicial power. With the denial of this motion there still remained to petitioner

all of the regular appellate review of proper exceptions, including the exceptions granted on denial of petitioner's motions.

The petitioner here interjects the argument that the doctrine set out in *State* v. *Stacy*, 104 Vt 379, 160 A 257, 747, has the effect of making his right of appellate review merely an empty formality without meaning or substance. The Court held in that case that the rule in this jurisdiction permitting illegally obtained evidence to be admitted in trial against a respondent does not contravene the provisions of Articles 10 and 11 of our Constitution. The fourth and fifth amendments to the federal Constitution were held to be operative solely upon the federal government and not restrictive of state powers. *State* v. *Stacy, supra*, 104 Vt at 401, 160 A at 266. The petitioner says that since such evidence will be admissible against him he must forestall that admission by resort to the writ of prohibition. Otherwise, he says, unless he gets an affirmative ruling on his motions when made, he will lose the benefit of his exceptions. This amounts to a contention that his rights are not protected by our appellate procedure. With this we cannot agree.

■ On analysis, it is apparent that the basic contention of the petitioner here is that the rule of law represented by the Stacy case infringes upon his constitutional rights. First, he seeks to invoke these constitutional guarantees to foreclose, permanently, prosecution for the crime with which he is charged because an officer of the law allegedly wronged him by an illegal search. This goes far beyond a mere challenge to the Stacy doctrine. The proposition here advanced is to have the blunder of a constable forever exempt the wrongdoer from prosecution for his crime. No right of a respondent so fundamental as to justify setting at naught the legislative enactments for the protection of society is jeopardized by our present rule. This Court continues to hold that an officer of the law does not have the power to confer immunity from prosecution upon a criminal by committing a private wrong against him in obtaining evidence, either accidentally or by design. See the opinion of Cardozo, J. in *People* v. *Defore*, 242 NY 13, 150 NE 585.

The petitioner is also seeking, in this writ of prohibition

proceeding, to reopen the question of the constitutionality of admitting illegally obtained evidence in criminal trials. As recently as the case of *State* v. *Pierce*, 120 Vt 373, 378, 141 A2d 419, this Court has reexamined the questions raised by illegally obtained evidence from the standpoint of constitutional provisions against both illegal searches and seizures and the privilege against self incrimination, rejecting the arguments advanced here by the petitioner. The rule of the Stacy case was reaffirmed. Even were we inclined to examine the constitutional issues in the absence of grounds for issuance of the writ, contrary to *Petition of Green Mountain Post, supra*, 116 Vt 260, 73 A2d 311, petitioner has come forward with nothing that persuades this Court to repudiate a holding so recently approved.

This case is not one where a lower tribunal exceeded its jurisdiction. The lower court was asked by the petitioner to hear and grant certain motions. He did not then question the jurisdiction of the court to grant the relief requested. In refusing to grant that relief, the court was acting within its jurisdiction and ruling in accordance with the settled law of this State. Nor does the fact that petitioner raises these constitutional questions by means of a petition for a writ of prohibition rather than by virtue of the usual appellate procedure have any effect on the substantive rule of law to be applied. The petitioner cannot escape the rule of the Stacy case by the device of a writ of prohibition, nor is disagreement with the doctrine of the Stacy case grounds for issuance of the writ. As we said earlier, prohibition enforces the same substantive rules of law that control other judicial procedures. Here, clearly, appellate review will enable the petitioner to present his position with respect to the rule of the Stacy case at least as well as prohibition proceedings. It would seem clear, therefore, that petitioner's rights are adequately protected within the framework of the regular judicial process.

There is nothing in our doctrine relating to illegally obtained evidence that suggests that its admission may be barred by a timely raising of the question of illegality, and we do not now so hold. Even were that so, however, the appellate

procedure is adequate and the writ of prohibition is not justified because the time when petitioner raised the question below is part of the record and, exceptions having been allowed, may be examined on review. The case of *State ex rel. Samlin* v. *District Court*, 59 Mont 600, 193 P. 362, cited by petitioner, is authority for the proposition that, in states where affirmative relief for a claimed violation of constitutional privileges against unreasonable search and seizure depends on a timely raising of the issue, an adverse ruling at that time is grounds for reversal of the conviction on appeal. See also annotation in 88 ALR 359 and 50 ALR2d 531.

In the application for a writ of prohibition petitioner also raised issues relating to the expense of trial to which he was being subjected, and relating to alleged jurisdictional defects applying to an information issued on the basis of evidence obtained through an illegal search. These issues were not briefed and are therefore waived. *State* v. *Gignac*, 119 Vt 471, 476, 129 A2d 499, and cases cited. However, it might be well to state here that ordinarily, in a case where prohibition is not otherwise justified, the usual expenses of litigation to resolve bona fide legal issues will not by themselves support the issuance of the writ. See 42 Am Jur, Prohibition, §9, p. 145.

The law favors an orderly course. To interrupt judicial process to extract and determine separate questions from time to time during the course of trial or appeal without urgent justification would destroy the appellate process and weaken what is now a valuable and necessary weapon in the judicial arsenal against injustice. Destruction of the usefulness of this writ through intemperate issuance might well leave unprotected the very constitutional rights that are the concern of the petitioner here, and others as well. Testing questions by appellate procedure insures that this Court is determining matters actually raised on trial below and not dealing with questions prospective that may not arise on trial. The questions raised by the petition here relate only to the prospective presentation of the allegedly illegally obtained evidence in trial against petitioner, and this Court will not interrupt regular criminal proceedings where no grounds for the issuance

of a writ of prohibition have been shown. *In re Petition of Keefe*, 115 Vt 289, 57 A2d 657.

*The petition is dismissed and the order restraining Lamoille County Court from proceeding in the case of State of Vermont v. Merrill Raymo is vacated.*