## Town of Woodstock

v.

## Clarence E. Cleveland, Kenneth H. Atwood, Moses S. Chase, County Road Commissioners for Windsor County

[218 A.2d 691]

February Term, 1966

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 5, 1966

*James Wright* for the Town.

*Franklin S. Billings* for the County.

**Holden, C. J.** The selectmen of the Town of Woodstock in Windsor County seek a writ of prohibition against the road commissioners of that county to avoid an order for highway repair. The controversy centers on a judgment entered against the petitioner under 19 V.S.A. §1336, for the repair of a road in the Town of Woodstock.

On November 3, 1965, three residents of that town complained to the county road commissioners concerning the insufficiency and state of repair on the Church Hill Road, setting forth that they had previously notified the selectmen of the Town of the state of disrepair of the highway but that no action was taken. After notice to the town the road commissioners examined the highway and heard the complaint on November 12, 1965. The selectmen appeared and protested

the jurisdiction of the road commissioners, contending the road was not a public highway.

The record of the proceedings before the road commissioners, filed November 16 with the Windsor County Clerk, is alleged in the complaint. Among other things, it reports:

"The examination of the road convinced the commissioners that it is out of general repair. The sworn testimony at the court room hearing in the afternoon of November 12th indicated that Woodstock town officials have expended public funds in maintaining the road, both summer and winter, for many consecutive previous years, and the early part of 1965. Such testimony is proof to the commissioners that the road is a public town road or highway, and is a responsibility of the town as such."

The report concludes with an order requiring the Town of Woodstock to expend the sum of $500.00, weather permitting, within thirty days to accomplish the repairs found to be needed by the commissioners.

At the expiration of the time limited for these repairs the road commissioners ascertained that the town had failed to accomplish the improvements and maintenance required by their order. They also found that no appeal had been taken from their previous report. Thereupon, they appointed an agent to execute the order upon giving a sufficient bond conditioned for the performance of his duties and ordered judgment against the Town of Woodstock in the amount of $500.00. The certificate to this effect was filed with the County Clerk with a judgment against the Town of Woodstock in favor of the road commissioners on January 12, 1966. It appears from the record that all of these proceedings were consistent and in compliance with the provisions of Sub-Chapter 8 of Chapter 9 of the Highway Law, 19 V.S.A. §1331-1336.

19 V.S.A. §1336, which provides for the entry of judgment, also provides that "the aggrieved party may appeal to the county court by filing with the county clerk within twenty-one days after judgment has been entered by said clerk, a notice of appeal — . The county court shall hear the appeal on questions of fact and law and render final judgment thereon. In case an appeal is not taken within twenty-one days the clerk shall issue execution therefor, returnable in thirty days from the date of such judgment. In such execution, the officer collecting the same shall be directed to pay the amount of such judgment to the agent appointed by the commissioners and the costs to the county clerk."

■ The remedy of prohibition is one of urgency and issues as a matter of discretion to meet the exigencies of the situation presented. It is directed against the unwarranted assumption of jurisdiction and is designed to secure order and regularity of judicial proceedings. The writ will not issue to correct errors of fact or law which are subject to review by right of appeal. *Leonard* v. *Willcox,* 101 Vt. 195, 204, 142 Atl. 762; *Petition of Green Mountain Post No. 1,* 116 Vt. 256, 258, 73 A.2d 309; *Petition of Raymo,* 121 Vt. 246, 248, 154 A.2d 487.

The status of the highway in question, as public or private, was an essential jurisdictional fact. It appears from the report of the commissioners that this issue was a dominant consideration at the hearing before the road commissioners.

Apart from statutory provisions, a public way may be established by dedication and acceptance. *Demers* v. *City of Montpelier,* 120 Vt. 380, 384, 141 A.2d 676. Its character in such instance involves mixed questions of law and fact. *Springfield* v. *Newton,* 115 Vt. 39, 43, 50 A.2d 605. The report establishes that evidence was received which was addressed to the question of whether the highway was in fact a public highway. The road commissioners reported that the town has voluntarily assumed the burden of maintaining the road and keeping it in repair, summer and winter, over many consecutive years. These factors justify the conclusion that the town has recognized and accepted the public character of the road and that it is a town highway. The allowance of such repairs by the owner, unexplained and undisputed, is sufficient to establish a dedication. *Springfield* v. *Newton,* supra, 115 Vt. at 45.

■ Every court has the power to determine in the first instance its jurisdiction to entertain the proceedings brought before it. When the jurisdiction is dependent upon the existence of certain facts, its finding and adjudication of such facts without appeal is final. *Thorp* v. *Porter,* 70 Vt. 570, 572, 41 Atl. 657; See also *In re Hanrahan's Will,* 109 Vt. 108, 125, 194 Atl. 471.

■ The county road commissioners, acting in the present cause, constitute a tribunal exercising judicial powers. *Town of Shrewsbury* v. *Davis,* 101 Vt. 181, 187, 142 Atl. 91. If they were in error, review of the jurisdictional question was available in county court by appeal in the manner prescribed by 19 V.S.A. §1336. On such appeal it would be the duty of the county court to decide this very question. *Dunn* v. *Town of Pownal,* 65 Vt., 116, 118, 26 Atl. 484. Without appeal the

report of the road commissioners is final. 19 V.S.A. §1334. *Town of Shrewsbury* v. *Davis,* supra, 101 Vt. at 194.

*Petition dismissed with costs.*